STATE OF NORTH CAROLINA v. ANDREW RUSSELL LUNDBERG, DEFENDANT

No. 901SC1230

(Filed 19 November 1991)

**Criminal Law § 67 (NCI4th) — offenses while juvenile — defendant now adult — jurisdiction of superior court**
     The superior court has jurisdiction to try a twenty-three-year-old defendant for arson offenses committed while he was a juvenile even though the superior court lacked jurisdiction over the juvenile defendant at the time the offenses were committed.

     **Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 27.**

APPEAL by the State from a ruling by *Judge Howard E. Manning, Jr.* filed 6 August 1990 in PASQUOTANK County Superior Court. Heard in the Court of Appeals 18 September 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Valerie B. Spalding, for the State.*

*Lennie L. Hughes for the defendant-appellee.*

.

LEWIS, Judge.

The issue before this Court is whether or not a superior court, which lacked jurisdiction over a juvenile defendant at the time of the offense due to the law then applicable, may presently obtain jurisdiction over the now adult defendant.

On 2 April 1990, a grand jury indicted the 23 year old defendant-appellee on two counts each of arson and soliciting arson. The first indictment alleged that the unlawful act was committed on 30 June 1979 (courthouse arson) when the defendant was 13 years old. The second indictment alleged that the second unlawful act (dwelling arson) took place on 26 September 1981 when defendant was 15 years old. The State attempted to prosecute defendant on both counts in superior court. Defendant filed a motion to quash prosecution on the 1979 courthouse arson indictment, based upon the superior court's lack of jurisdiction over the defendant at the time of the commission of the crime. N.C.G.S. §§ 7A-279 and 7A-280 (1969). The trial judge granted defendant's motion to quash.

The State and defendant appeal. The State assigns as error the trial court's quashing the first indictment. The State also alleges error in the court's concluding that the defendant could never be tried as an adult on the 1979 courthouse arson. Defendant Lundberg assigns as error the superior court's finding that he can be tried as an adult on the second indictment, the 1981 dwelling arson.

Present juvenile law indicates that a court's jurisdiction over juveniles is determined by the defendant's age at the time of the alleged offense. N.C.G.S. § 7A-523(a) (1989). Under this version of the juvenile code, a juvenile is defined as an unemancipated or unmarried civilian who has not reached his or her eighteenth birthday. N.C.G.S. § 7A-517(20) (1990 cum. sup.). A court's jurisdiction over adults is based not upon age, but upon the classification of the crime. Jurisdiction over felonies lies in the superior court, while jurisdiction over misdemeanors lies in the district court. In the case at bar, the defendant is a 23 year old adult indicted for the alleged commission of a felony. As such, defendant Lundberg is subject to prosecution for arson as an adult in superior court.

The defendant argues that because his age at the time of the indictment prevented the district court from gaining jurisdiction over him and because the superior court lacked jurisdiction over him at the time of the offense, that he may never be prose-

cuted for the 1979 courthouse arson alleged in count one. With this reasoning, we disagree. Should we find as defendant suggests, we would truly exalt form over substance. The case at bar turns not upon defendant's age at the time of the crime, but upon whether or not the defendant is entitled to the continued protection of the juvenile code at the present time. Because the new juvenile code explicitly terminates the district court's jurisdiction over all who turn 18, we find that defendant Lundberg is no longer entitled to the protection of the juvenile code. Therefore, we hold that the defendant may now be tried as an adult in superior court.

Defendant Lundberg is not entitled to the protection of the juvenile system as evidenced by the juvenile codes enumerated purposes. The North Carolina Juvenile Code (Code) indicates that it is to be interpreted according to its purposes: 1) to divert juvenile offenders from the juvenile system so that they may remain in their own homes, 2) to assure equitable hearings that protect the constitutional rights of juveniles, 3) to develop a procedure which will balance the needs and interests of the child, parents, and society, and 4) to protect juveniles. N.C.G.S. § 7A-516 (1989). It does not appear from the facts that any of the Code's purposes would be served in this 23 year old defendant's situation. Though he was under the age of 18 when the alleged offense occurred, defendant is no longer a "juvenile" and thereby entitled to the insulation afforded by the Code's special procedures. The protection provided by the Code does not cover adult defendants, nor do we believe these benefits were intended to do so. Hence, the adult Lundberg must be tried as an adult.

It is argued that prosecutors may actively subvert the district court's exclusive jurisdiction by postponing indictment until after a juvenile defendant's eighteenth birthday. This is unlikely. The applicable statutes of limitation will deter this machiavellian scenario in misdemeanor cases. In felony cases, juveniles are not guaranteed trial in a district court in the first place. Juvenile defendants may be tried in superior court as adults after their sixteenth birthday for any offense or "upon order of the court." N.C.G.S. § 7A-524 (1989).

This issue is sparsely covered in North Carolina case law. In *In re Mario Lopez Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982), an 18 year old defendant was indicted for allegedly committing several felonies on 3 December 1978 when he was age 15. The Court indicated that "under both the old law and the new [juvenile

law], it is clear that on 3 December 1978 the district court had exclusive original jurisdiction over [the defendant]." *Id.* at 98, 286 S.E.2d at 531. The Court emphasized that the district court lost this exclusive jurisdiction when the defendant reached age 18. As defendant Stedman had reached age 18 prior to the hearing, the Court vacated the district court's orders. Stedman's attainment of majority prior to the hearing eliminated the district court's jurisdiction over the defendant and the subject matter pursuant to N.C.G.S. § 7A-524 (1989). The Court did not remand the matter to the district court for further action, but stated that "Stedman may now be tried in Superior Court of Alamance the same as any other adult." *Stedman*, at 105, 286 S.E.2d at 535. Further, the Court indicated that Stedman would not be placed in double jeopardy because the district court's probable cause hearing "may not be equated with an adjudicatory hearing where jeopardy attaches when the judge begins to hear evidence." *Id.*

Like *Stedman,* the defendant at bar committed a felony prior to the adoption of the new juvenile code and was subject to the exclusive original jurisdiction of the district court. Defendant Lundberg attempts to distinguish *Stedman* by arguing that the *Stedman* Court permitted defendant Stedman to be tried as an adult in superior court only because he was subject to superior court jurisdiction under the old juvenile code. This is contrary to the Court's explicit statement that defendant Stedman was subject to the district court's "exclusive original jurisdiction" under both old and new rules. Like *Stedman*, the defendant at bar aged out of the district court's jurisdiction. N.C.G.S. § 7A-524 (1989). As emphasized in the Court's ruling and refusal to remand to the district court even for administrative matters, the defendant at bar, like defendant Stedman, is subject to superior court jurisdiction. As in *Stedman* we note that defendant Lundberg is not placed in double jeopardy as no proceedings on either arson charge have progressed past the indictment stage.

The defendant assigns as error the superior court's finding that the defendant can be tried as an adult on indictment count two despite his age at the time of the offense. Defendant's brief does not address his appeal of the second indictment, the 1981 dwelling arson. As per Appellate Rule 28(b)(5), this assignment of error is abandoned. Further, we do not distinguish the case we find controlling, *In re Matter of Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982), and so affirm the superior court's ruling that

defendant Lundberg may be tried in superior court on the 1981 arson alleged in indictment count two.

Reversed as to count one.

Affirmed as to count two.

Judges COZORT and ORR concur.