STATE OF NORTH CAROLINA v. KEVIN M. DELLINGER

No. 9426SC246

(Filed 18 April 1995)

**Infants or Minors § 72 (NCI4th)— juvenile—twelve or thirteen at the time of the act—sixteen at indictment—eighteen at time of appeal—appeal moot**

The issue of whether the superior court erred by denying defendant's motion to dismiss for lack of subject matter jurisdic-

tion was moot where defendant was twelve or thirteen at the time of the alleged act, a crime against nature, sixteen when he was indicted, and eighteen at the time of this appeal. Under the express language of N.C.G.S. § 7A-523, the district court possessed exclusive, original jurisdiction at the time of the offense; however, defendant turned eighteen pending appeal and thus aged out of the district court's jurisdiction over the person and the subject matter. Under both the statutory and case law of North Carolina, defendant is now an adult subject to the jurisdiction of superior court.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 16-21.**

**Age of child at time of alleged offense or delinquency, or at time of legal proceedings, as criterion of jurisdiction of juvenile court. 89 ALR2d 506.**

Judge JOHNSON concurring.

On writ of certiorari to review order entered 6 October 1993 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 January 1995.

Defendant was born on 26 October 1976. On 23 August 1993, defendant was indicted under N.C. Gen. Stat. § 14-177 (1993) for a crime against nature. According to the indictment, the alleged act occurred between January and December 1989. Defendant was either twelve or thirteen at the time of the alleged act. He was sixteen at the time of the indictment, and eighteen at the time of this appeal.

Defendant filed a motion to dismiss for lack of jurisdiction on 27 August 1993. During his arraignment hearing on 6 October 1993, defendant argued his motion, which was subsequently denied. Defendant petitioned this Court for writ of certiorari to review the trial court's order. We allowed the petition.

*Attorney General Michael F. Easley, by Assistant Attorney General Robin W. Smith, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

ARNOLD, Chief Judge.

The sole issue presented on appeal is whether the trial court erred by denying defendant's motion to dismiss for lack of jurisdiction where a delinquent juvenile commits a felony at age thirteen but turns sixteen before proceedings are instituted.

Jurisdiction in juvenile cases is governed by N.C. Gen. Stat. § 7A-523:

> The [district] court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent . . . . For purposes of determining jurisdiction, the age of the juvenile . . . at the time of the alleged offense . . . governs.

G.S. § 7A-523(a) (1989). Furthermore, once the court obtains jurisdiction over a juvenile, jurisdiction continues "until terminated by order of the court or until he reaches his eighteenth birthday." G.S. § 7A-524 (1989).

These statutes have been applied most recently in *State v. Lundberg*, 104 N.C. App. 543, 410 S.E.2d 216 (1991) and *In re Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982). In *Lundberg*, the defendant was indicted at age twenty-three. Prosecution of the defendant was attempted in superior court for unlawful acts (arson) committed by defendant when he was thirteen and fifteen. Although this Court recognized that jurisdiction is determined under G.S. § 7A-523(a) by the defendant's age at the time of the offense, the Court concluded that the case at bar turned "not upon defendant's age at the time of the crime, but upon whether or not the defendant is entitled to the continued protection of the juvenile code at the present time." *Lundberg*, 104 N.C. App. at 545, 410 S.E.2d at 217. The Court further reasoned that because the district court's retention of jurisdiction terminates upon the juvenile's turning eighteen, the twenty-three-year-old defendant is no longer entitled to the protection evidenced by the Juvenile Code's enumerated purposes, such as balancing the needs and interests of the child, parents and society, and ensuring that juvenile offenders may remain in their homes. *Id.*; G.S. § 7A-516 (1989).

Similarly in *Stedman*, the defendant aged out of the district court's original jurisdiction upon turning eighteen at the time of his indictment for felonies occurring when he was age fifteen. *Stedman*, 305 N.C. 92, 286 S.E.2d 527. G.S. § 7A-524 terminated the jurisdiction of the district court over the juvenile and the subject matter of the juvenile petitions. *Id.*

In the instant case, defendant was only sixteen at the time of indictment for an offense he allegedly committed at age thirteen. We agree with defendant that, under the express language of G.S. § 7A-523, the district court possessed exclusive, original jurisdiction at the time of the offense, between January and December 1989. Pending this appeal, however, defendant turned eighteen on 26 October 1994, thus aging him out of the district court's jurisdiction over the person and the subject matter. Therefore, the issue of whether the trial court erred by denying defendant's motion to dismiss for lack of jurisdiction is moot because under both statutory and case law of this State, defendant is now an adult subject to the jurisdiction of superior court. *In re Cowles*, 108 N.C. App. 74, 422 S.E.2d 443 (1992).

Appeal dismissed.

. Judges JOHNSON consurs with a separate opinion.

Judge MARTIN, Mark D., concurs.

Judge JOHNSON concurring.

I concur only because we are bound by this Court's holding in *State v. Lundberg*, 104 N.C. App. 543, 410 S.E.2d 216 (1991), which relied upon *In re Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982). In *Stedman*, the Court held that an eighteen year old defendant could be indicted and tried as an adult for felony offenses allegedly committed when he was fifteen years old. In *Lundberg*, the Court held that a twenty-three year old defendant could be indicted and tried as an adult for a felony offense allegedly committed when he was thirteen years old. In the instant case, we hold that defendant, who was sixteen at the time of the indictment but who turned eighteen pending this appeal, could be indicted and tried as an adult for a felony offense allegedly committed when he was thirteen years of age.

Simply stated, the reasoning in *Stedman*, *Lundberg* and the case *sub judice* is that, having aged out of the district court's jurisdiction over their person and the subject matter, the defendants who are now adults must be subjected to the jurisdiction of superior court for crimes they allegedly committed when the defendant in *Stedman* was fifteen, and the defendants in *Lundberg* and the instant case were thirteen years of age respectively. However, I find the facts of *Stedman* to be quite distinguishable from *Lundberg* and the instant matter in that the defendant in *Stedman* was fifteen years old at the time he allegedly committed the felony offenses.

**STATE v. DELLINGER**

[118 N.C. App. 529 (1995)]

North Carolina General Statutes § 7A-523(a) provides in pertinent part:

> The [district] court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent[.] . . . For purposes of determining jurisdiction, the age of the juvenile . . . at the time of the alleged offense . . . governs.

North Carolina General Statutes § 7A-523(a) (1989).

North Carolina General Statutes § 7A-608 states in pertinent part:

> The court . . . may transfer jurisdiction over a juvenile 14 years of age or older to superior court if the juvenile was 14 years of age or older at the time he allegedly committed an offense which would be a felony if committed by an adult. If the alleged felony constitutes a capital offense and the judge finds probable cause, the judge shall transfer the case to the superior court for trial as in the case of adults.

North Carolina General Statutes § 7A-608 (1989). This statute has been recently amended to apply to juveniles thirteen years of age or older for acts committed on or after 1 May 1994. *See* North Carolina General Statutes § 7A-608 (Cum. Supp. 1994). Further, once the court obtains jurisdiction over a juvenile, jurisdiction continues "until terminated by order of the court or until he reaches his eighteenth birthday." North Carolina General Statutes § 7A-524 (1989).

By providing that only juveniles of the age of fourteen or older (now thirteen or older) could be transferred to superior court, I believe the intent of the legislature was to preclude, under any circumstances, the trial of a juvenile below the age of fourteen (now thirteen) in superior court, or *at any time* in superior court for any offense committed by the juvenile (defendant) at the age of thirteen or younger. Since the age of the juvenile at the time of the alleged offense governs jurisdiction, it seems logical that the legislature's intent with the enactment of North Carolina General Statutes §§ 7A-523 and 7A-608 was to mandate that any juvenile below the age of fourteen (now thirteen) charged with an offense be dealt with solely at the juvenile court level, the expectation being that hopefully the services available at that level would help the juvenile to become a law abiding and productive citizen before age fourteen (now thirteen) and older. Otherwise, the age limitation governing the transfer of a juvenile to superior court has no meaning.

This distinction becomes apparent in *Stedman* because at the time the defendant therein allegedly committed the offenses, he was fifteen and was therefore in that age category the legislature intended to be subject to the jurisdiction of the superior court under the transfer provisions of North Carolina General Statutes § 7A-608. This is not so with offenders below the age of fourteen (now thirteen) who the legislature, in my opinion, did not intend under any circumstances to be tried in superior court *at any age* or under any circumstances for offenses committed below the age of fourteen (now thirteen). This is buttressed by the earlier cited recent amendment to North Carolina General Statutes § 7A-608.

To read the statutes otherwise would lend them to possible abuse and illogical results. For example, suppose a district court judge was faced with a fourteen year old juvenile who stood charged with having committed a felony offense at age eleven which was not lodged against the juvenile until the juvenile was age fourteen. Could the district court judge, considering the fact that the juvenile has aged out of the protective group of age twelve or younger, transfer the juvenile to superior court for trial? I think not. But this is the effect of what happened in *Lundberg*, and in the instant case, i.e., the defendants were allowed to be indicted and tried in superior court for offenses allegedly committed by them at age thirteen, an age at that time within a protected class that precluded this result.

I realize that if the *Lundberg* Court had held that the defendant could not have been indicted and tried in superior court, and the defendant had aged out of the jurisdiction of the district court, the crime, under the current law, would go unpunished. However, this is a matter that should be addressed within the province of the legislature and not our courts.