STATE OF NORTH CAROLINA v. KEVIN M. DELLINGER

No. 215PA95

(Filed 4 April 1996)

**Criminal Law § 67 (NCI4th); Infants or Minors § 72 (NCI4th)— defendant minor at time of crime—superior court—no jurisdiction to try after adulthood**

Age at the time of the alleged offense governs for purposes of determining subject matter jurisdiction over a juvenile, N.C.G.S. § 7A-523(a), and a juvenile offender does not "age out" of district court jurisdiction and by default become subject to superior court jurisdiction upon turning eighteen. Therefore, the superior court did not have subject matter jurisdiction to try defendant for the felony of crime against nature where defendant was twelve or thirteen years old at the time he allegedly committed the crime; he was indicted in superior court when he was sixteen; defendant appealed the denial of his motion to dismiss for lack of subject matter jurisdiction to the Court of Appeals and turned eighteen while the appeal was pending; and the district court never exercised jurisdiction and did not transfer the case to the superior court in accordance with N.C.G.S. § 7A-608. The decisions of *State v. Lundberg*, 104 N.C. App. 543, 410 S.E.2d 216 (1991) and *In re Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982) are overruled to the extent that they conflict with this holding.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 14-16.**

**Age of child at time of alleged offense or delinquency, or at time of legal proceedings, as criterion of jurisdiction of juvenile court. 89 ALR2d 506.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 118 N.C. App. 529, 455 S.E.2d 877 (1995), dismissing as moot defendant's appeal from an order entered by Burroughs, J., at the 6 October 1993 Criminal Session of Superior Court, Mecklenburg County, denying defendant's motion to dismiss for lack of jurisdiction. Heard in the Supreme Court 14 February 1996.

**STATE v. DELLINGER**

[343 N.C. 93 (1996)]

*Michael F. Easley, Attorney General, by Robin W. Smith, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender; and William M. Davis, Jr., Assistant Public Defender, for defendant-appellant.*

WHICHARD, Justice.

The issue is whether the Superior Court, Mecklenburg County, which lacked jurisdiction over the juvenile offender at the time he allegedly committed the offense in question, may now obtain jurisdiction, the defendant having subsequently become an adult. Defendant was born on 26 October 1976. Sometime in 1989, when he was twelve or thirteen years old, he allegedly committed the felony of crime against nature. Defendant was indicted in superior court on 23 August 1993 when he was sixteen. He moved to dismiss, arguing that the superior court lacked subject matter jurisdiction due to his age at the time of the offense. The trial court denied the motion, and defendant appealed to the Court of Appeals. He turned eighteen while the case was pending in that court, and it held that the question was moot because defendant is now an adult properly subject to the superior court's jurisdiction. *State v. Dellinger,* 118 N.C. App. 529, 532, 455 S.E.2d 877, 879 (1995). For reasons that follow, we hold that the superior court lacks subject matter jurisdiction over defendant in this case and that the motion to dismiss must therefore be allowed.

Jurisdiction in juvenile cases is governed by N.C.G.S. § 7A-523(a), which provides: "The [district] court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent . . . . For purposes of determining jurisdiction, the age of the juvenile . . . at the time of the alleged offense . . . governs." N.C.G.S. § 7A-523(a) (1995). A juvenile is defined as an unmarried, unemancipated civilian (*i.e.,* not a member of the armed forces) who has not reached his or her eighteenth birthday. N.C.G.S. § 7A-517(20) (1995).

Section 7A-523(a) was most recently interpreted in *State v. Lundberg,* 104 N.C. App. 543, 410 S.E.2d 216 (1991), upon which the Court of Appeals relied. In *Lundberg,* the defendant was indicted when he was twenty-three years old for offenses committed when he was thirteen and fifteen. The State attempted to prosecute him on both offenses in superior court. The trial court granted the defendant's motion to quash based upon the superior court's lack of jurisdiction over the defendant at the time of commission of the crimes.

STATE v. DELLINGER

[343 N.C. 93 (1996)]

The Court of Appeals reversed, holding that the defendant could be tried as an adult in superior court. It stated that the case turned, not upon the defendant's age at the time of the crime, but upon whether he was entitled to the continued protection of the Juvenile Code. *Id.* at 545, 410 S.E.2d at 217. It concluded that although the defendant was under eighteen when the alleged offenses occurred, he was no longer a "juvenile" and thus not entitled to the insulation the Code afforded. *Id.* The court relied upon *In re Stedman*, 305 N.C. 92, 286 S.E.2d 527 (1982), where this Court held that an eighteen-year-old defendant could be indicted and tried as an adult for felony offenses committed when he was fifteen.

Defendant here argues that *Lundberg* was wrongly decided in that N.C.G.S. § 7A-523(a) explicitly mandates that age at the time the offense is committed governs jurisdiction. We agree.

Statutory interpretation properly begins with an examination of the plain words of a statute. *Electric Supply Co. of Durham v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 688 (1988). N.C.G.S. § 7A-523(a) is clear. For purposes of determining subject matter jurisdiction over a juvenile, age at the time of the alleged offense governs. Defendant here was either twelve or thirteen when he allegedly committed the offense charged. Therefore, applying the plain language of N.C.G.S. § 7A-523(a), we hold that the district court had exclusive, original jurisdiction.

It is further apparent that the district court no longer has jurisdiction. Once that court obtains jurisdiction over a juvenile, its jurisdiction continues until the court by order terminates it or until the juvenile reaches eighteen. N.C.G.S. § 7A-524 (1995); *Stedman*, 305 N.C. at 98, 286 S.E.2d at 531. Here, defendant turned eighteen on 26 October 1994, while this case was pending in the Court of Appeals. On that date, the district court's jurisdiction automatically terminated. *See In re Doe*, 329 N.C. 743, 748 n.7, 407 S.E.2d 798, 801 n.7 (1991) (this Court's decision as applied to juvenile moot due to fact juvenile had already turned eighteen).

It is equally clear that the superior court does not have jurisdiction. Pursuant to N.C.G.S. § 7A-608 as in effect at the time of defendant's alleged offense,

[t]he [district] court after notice, hearing, and a finding of probable cause may transfer jurisdiction over a juvenile to superior court if the juvenile was 14 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult.

N.C.G.S. § 7A-608 (1989) (recently amended to apply to juveniles thirteen or older for acts committed on or after 1 May 1994, Act of Mar. 26, 1994, ch. 22, secs. 25, 30, 1993 N.C. Sess. Laws 62, 75, 76). The superior court may obtain subject matter jurisdiction over a juvenile case only if it is transferred from the district court according to the procedure this statute prescribes. Contrary to the Court of Appeals' opinion and the State's arguments, the superior court cannot obtain jurisdiction by the mere passage of time nor can the mere passage of time transform a juvenile offense into an adult felony. A juvenile offender does not "age out" of district court jurisdiction and by default become subject to superior court jurisdiction upon turning eighteen. Because the district court never actually exercised jurisdiction here, that court could not and did not properly transfer the case to the superior court. Therefore, the superior court lacks subject matter jurisdiction.

This interpretation both conforms to the plain language of these statutes and accords with legislative intent. In the Juvenile Code, the General Assembly enacted procedural protections for juvenile offenders with the aim that delinquent children might be rehabilitated and reformed and become useful, law-abiding citizens. *In re Whichard*, 8 N.C. App. 154, 161, 174 S.E.2d 281, 285, *appeal dismissed*, 276 N.C. 727 (1970), *cert. denied*, 403 U.S. 940, 29 L. Ed. 2d 719 (1971). These safeguards evince conceptual distinctions between the purpose of juvenile proceedings and that of adult criminal prosecutions. Further, had the legislature intended that the time of institution of proceedings should govern jurisdiction, the 1994 amendment lowering the age at which juveniles may be transferred to superior court for trial as adults would have been superfluous. As Judge Johnson notes in his concurrence in the Court of Appeals, it is logical to assume that the General Assembly intended that juveniles thirteen and younger be dealt with solely at the district court level and not, under any circumstances or at any age, be tried in superior court for offenses committed before the age of thirteen. *Dellinger*, 118 N.C. App. at 532-34, 455 S.E.2d at 879-80.

For the reasons stated, we reverse the Court of Appeals and remand to that court for further remand to the Superior Court,

Mecklenburg County, for entry of an order dismissing the case for lack of subject matter jurisdiction. To the extent that *Lundberg* and *Stedman* conflict with this holding, they are overruled.

REVERSED AND REMANDED.