IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-659

 Filed: 16 February 2016

Beaufort County, No. 12 CRS 52879-80

STATE OF NORTH CAROLINA

 v.

ANFERNEE MAURICE COLLINS

 Appeal by defendant from judgment entered 14 August 2014 by Judge

Wayland J. Sermons, Jr. in Beaufort County Superior Court. Heard in the Court of

Appeals 19 November 2015.

 Attorney General Roy Cooper, by Assistant Attorney General Alexandra Gruber,
 for the State.

 The Phillips Black Project, by John R. Mills, for defendant-appellant.

 TYSON, Judge.

 Anfernee Maurice Collins (“Defendant”) appeals from judgments entered

following his conviction of four counts of first-degree rape of a child. We vacate three

of Defendant’s four convictions and arrest the judgments for those three convictions

for lack of jurisdiction, find no error on the fourth conviction, and remand for

resentencing and rehearing on the imposition of lifetime satellite-based monitoring.

 I. Background
 STATE V. COLLINS

 Opinion of the Court

 A.B. testified to four acts of sexual intercourse, which occurred between her

and Defendant in 2011. On 8 April 2013, Defendant was indicted in two separate

documents for four counts of first-degree rape of a child. All four charges were stated

in identical language and two counts were alleged in each indictment. According to

the indictments, the four offenses allegedly occurred between “January 1, 2011 and

November 30, 2011.” The jury convicted Defendant of all four offenses. The offenses

were consolidated and Defendant was sentenced to two consecutive terms of 192 to

240 months in prison. Upon release from prison, Defendant was also ordered to be

subject to satellite-based monitoring for the remainder of his natural life.

 A. First Incident

 A.B. was fourteen years old when she testified at trial in 2014. She testified

the first incident of sexual intercourse occurred in the spring or summer of 2011,

while she was a student in the fourth grade. A.B. told the investigating officer the

incident occurred “towards the end of the school year. [She] advised that it was

summer time.”

 A.B.’s grandmother had dropped A.B. off at her aunt’s house. When she

arrived, Defendant and his mother were both in the home. A.B. fell asleep on the

couch. Her aunt, Defendant’s mother, left the home to go to work. When A.B. awoke,

she and Defendant began talking. Defendant asked A.B. what sports she liked to

play, and A.B. told Defendant she liked to play basketball at the local recreational

 -2-
 STATE V. COLLINS

 Opinion of the Court

center. Defendant told her to be careful about walking to the center alone. A.B.

responded, “whatever,” and walked to the refrigerator to get a drink.

 Defendant told A.B. “not to talk to him like that,” grabbed A.B. by the arm, and

pulled her into his bedroom. Defendant pushed A.B. onto the bed and forced himself

onto her despite her requests to stop. A.B. testified that Defendant held her down,

pulled her pants and his pants down, and “put his private area in [her] private area.”

Afterward, A.B. testified Defendant stated “not to tell anybody and he was going to

kill everybody [she] knew.”

 B. Second Incident

 The second incident occurred on a day when A.B. was visiting at a friend’s

house. She developed a serious headache and called her grandmother. Her

grandmother was unable to pick her up and told her to walk four or five houses down

the street to her aunt’s house. Defendant was present at the house when A.B. arrived.

A.B. went into her aunt’s bedroom alone to lay down and watch television. Defendant

entered the bedroom about ten minutes later. A.B. tried to leave the room, but

Defendant blocked her way. He held her down on the bed, pulled up her skirt, and

forcibly engaged in sexual intercourse with her.

 A.B. testified she was not sure exactly when the second incident occurred. The

following exchange occurred during direct examination of A.B.:

 Q: Do you remember when that was? Was it still in the
 fourth grade?

 -3-
 STATE V. COLLINS

 Opinion of the Court

 A: Yes, sir.

 Q: If you are not sure it’s okay. Make sure.

 A: I’m not really sure.

The investigating officer testified A.B. told him the second incident had occurred

“during the first semester of her fifth grade year.”

 C. Third Incident

 A.B. also did not recall when in 2011 the third incident occurred. A.B. testified

she was at her aunt’s house and Defendant gave her a pill. She took the pill and did

not remember anything until she woke up while Defendant was “having sex” with

her. A.B. was “drowsy, sleepy,” and Defendant was “inside her” for “a couple of

minutes.” After the incident, A.B. “just put [her] clothes back on and went back to

sleep.”

 D. Fourth Incident

 The final incident occurred “around Thanksgiving” of 2011. A.B. was alone at

her aunt’s house when Defendant came in the back door. He pushed her down on the

couch, kissed her on the mouth, and stated he was “going to go away for a while.”

Defendant then pulled down A.B.’s pants and engaged in intercourse with her.

 Over a year later, in November of 2012, A.B. told her stepmother she had been

raped by Defendant. On the same day, A.B.’s stepmother took her to speak with a

 -4-
 STATE V. COLLINS

 Opinion of the Court

law enforcement officer. Defendant was seventeen years old when he was arrested

on 21 December 2012.

 E. Defendant’s Age

 Defendant’s arrest warrants erroneously stated his date of birth as 14

September 1994. According to the uncontroverted evidence presented by both the

State and Defendant, Defendant was born on 14 September 1995. He turned sixteen

years old on 14 September 2011. Defendant would have been either fifteen or sixteen

years old during the relevant time period between 1 January 2011 and 30 November

2011, when A.B. alleged all the offenses occurred, and as is alleged in both

indictments.

 Defense counsel moved to dismiss all charges at the close of the State’s

evidence “based on the fact that the State has not proved beyond a reasonable doubt

that [Defendant] committed these various acts that he’s charged with.”

 The following exchange occurred:

 THE COURT: . . . And the Defendant’s date of birth that
 is in evidence?

 PROSECUTOR: That is in evidence is September 14th
 1995.
 . . . .

 THE COURT: So during the year 2011, 2012, the victim
 would be 11 and 12 years old?

 -5-
 STATE V. COLLINS

 Opinion of the Court

 PROSECUTOR: Yes. The incidents all occurred before her
 – either before her birthday in 2011, which would make her
 10 years old or 11 years old at the time of the incidents.

 THE COURT: So they all allegedly occurred in 2011?

 PROSECUTOR: Yes, sir.

 THE COURT: And the Defendant’s date of birth of 9/14/95
 would have made him, in 2011, 17 or 18 years old?

 PROSECUTOR: Seventeen.

 THE COURT: Seventeen? So the victim, according to the
 State’s evidence, would be less than 13?

 PROSECUTOR: Yes, sir.

 THE COURT: The Defendant was at least 12 years old?

 PROSECUTOR: Yes, sir.

 THE COURT: And he was at least four years older than
 the victim?

 PROSECUTOR: Correct.

 Neither party corrected the mathematical error in calculating Defendant’s age

as fifteen years old until he reached his sixteenth birthday on 14 September 2011.

Defendant has filed a motion for appropriate relief (MAR) in this Court. A copy of

Defendant’s birth certificate, attesting his date of birth as 14 September 1995, is

attached to Defendant’s MAR.

 II. Issues

 -6-
 STATE V. COLLINS

 Opinion of the Court

 Defendant argues: (1) the State failed to meet its burden to prove the existence

of subject matter jurisdiction for the first three offenses; (2) the indictments were

insufficient to establish subject matter jurisdiction for any count, after the

indictments failed to allege dates specific enough to show Defendant was at least

sixteen years old at the time the alleged offenses occurred; and, (3) this case should

be remanded to the trial court for a hearing on the reasonableness of lifetime satellite-

based monitoring in light of Grady v. North Carolina, __ U.S. __, 191 L. Ed. 2d 459

(2015).

 Defendant also argues his MAR should be granted where: (1) the superior

court lacked jurisdiction over the counts during which Defendant was less than

sixteen years old at the time of the offenses; (2) trial counsel was prejudicially

ineffective for failing to move to dismiss three of the charges at the close of the State’s

evidence, after the State failed to provide any substantial evidence tending to show

Defendant was at least sixteen years old at the time of the offense; and, (3) trial

counsel was ineffective and prejudiced Defendant for failing to request a special

verdict on those three charges.

 III. Subject Matter Jurisdiction

 A. Standard of Review

 “Whether a trial court has subject-matter jurisdiction is a question of law,

reviewed de novo on appeal.” State v. Herman, 221 N.C. App. 204, 209, 726 S.E.2d

 -7-
 STATE V. COLLINS

 Opinion of the Court

863, 866 (2012). “Under a de novo review, the court considers the matter anew and

freely substitutes its own judgment.” In re Appeal of the Greens of Pine Glen Ltd.

P’ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing Mann Media, Inc. v.

Randolph Cnty. Planning Bd., 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002)). “A court

empowered to hear a case de novo is vested with full power to determine the issues

and rights of all parties involved, and to try the case as if the suit had been filed

originally in that court.” Caswell County v. Hanks, 120 N.C. App. 489, 491, 462 S.E.2d

841, 843 (1995) (citation and internal quotation marks omitted).

 B. Defendant’s Age on the Dates of the Offenses

 Defendant argues the superior court was without subject matter jurisdiction

on the first three offenses, because no evidence presented at trial showed Defendant

was at least sixteen years old at the time those offenses were committed. We agree.

 The district courts have “exclusive, original jurisdiction over any case involving

a juvenile who is alleged to be delinquent. For purposes of determining jurisdiction,

the age of the juvenile at the time of the alleged offense governs.” N.C. Gen. Stat. §

7B-1601(a) (2013) (emphasis supplied). “If, however, a juvenile commits a criminal

offense on or after the juvenile’s 16th birthday, the juvenile is subject to prosecution

as an adult in superior court.” State v. Pettigrew, 204 N.C. App. 248, 257, 693 S.E.2d

698, 704 (citing N.C. Gen. Stat. § 7B-1604), appeal dismissed, 364 N.C. 439, 706

S.E.2d 467 (2010).

 -8-
 STATE V. COLLINS

 Opinion of the Court

 The Juvenile Code, contained in the North Carolina General Statutes, provides

the exclusive procedure under which a juvenile may be tried for criminal acts in

superior court:

 After notice, hearing, and a finding of probable cause the
 court may, upon motion of the prosecutor or the juvenile’s
 attorney or upon its own motion, transfer jurisdiction over
 a juvenile to superior court if the juvenile was 13 years of
 age or older at the time the juvenile allegedly committed
 an offense that would be a felony if committed by an adult.
 If the alleged felony constitutes a Class A felony and the
 court finds probable cause, the court shall transfer the case
 to the superior court for trial as in the case of adults.

N.C. Gen. Stat. § 7B-2200 (2013) (emphasis supplied).

 “The superior court may obtain subject matter jurisdiction over a juvenile case

only if it is transferred from the district court according to the procedure this statute

prescribes.” State v. Dellinger, 343 N.C. 93, 96, 468 S.E.2d 218, 220 (1996) (emphasis

supplied). The superior court does not have original jurisdiction over a defendant

who was fifteen years old on the date of the alleged offense. Id.

 In Dellinger, the Supreme Court held both the district court and the superior

court had lost jurisdiction over the accused where he was twelve or thirteen years old

on the date of offense, and who turned eighteen while his appeal from superior court

was pending. Id. The uncontroverted evidence before us shows Defendant was born

on 14 September 1995 and attained the age of sixteen years old on 14 September

2011.

 -9-
 STATE V. COLLINS

 Opinion of the Court

 “[W]hen jurisdiction is challenged . . . the State must carry the burden and

show beyond a reasonable doubt that [the court] has jurisdiction to try the accused.”

State v. Batdorf, 293 N.C. 486, 494, 238 S.E.2d 497, 502-03 (1977). The State

conceded during oral argument, and we agree with Defendant and the State that the

evidence showed Defendant was fifteen years old at the time of the first offense.

“When the record shows a lack of jurisdiction in the lower court, the appropriate

action on the part of the appellate court is to arrest judgment or vacate any order

entered without authority.” State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711

(1981). We vacate Defendant’s conviction for the first offense.

 With regard to the second incident, A.B. first testified that it occurred while

she was in the fourth grade and then stated she was “not really sure” when it

occurred. According to the investigating officer, A.B. told him the second incident

occurred after the first semester of her fifth grade year had begun. The officer’s

testimony was not offered as substantive evidence, but to corroborate and not

contradict A.B.’s testimony. See State v. Stills, 310 N.C. 410, 415, 312 S.E.2d 443, 447

(1984) (“By definition, a prior statement is admitted only as corroboration of the

substantive witness and is not itself to be received as substantive evidence.”).

 A.B. also could not recall when the third rape occurred, or whether it was

before or after school resumed. Whether the second and third rape offenses occurred

while Defendant was fifteen or sixteen years old cannot be determined from the

 - 10 -
 STATE V. COLLINS

 Opinion of the Court

evidence. Even if Defendant had moved for a special verdict, no substantive evidence

was presented from which a jury could find beyond a reasonable doubt that Defendant

was sixteen years old at the time of the commission of either the second or third

offenses. Batdorf, 293 N.C. at 493, 238 S.E.2d at 502. The judgments entered on

Defendant’s second and third convictions must also be vacated for lack of subject

matter jurisdiction in the superior court.

 We need not more specifically address the issue in Defendant’s MAR of

whether trial counsel was ineffective and prejudiced Defendant for failure to request

a special verdict on three of the four charges, or to preserve a claim that the State

failed to present sufficient evidence that the superior court had jurisdiction over

Defendant on those charges. “Subject matter jurisdiction cannot be conferred upon a

court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction

is immaterial.” Stark v. Ratashara, 177 N.C. App. 449, 451-52, 628 S.E.2d 471, 473

(2006). Trial counsel’s failure to move to dismiss the charges based on a lack of

subject matter jurisdiction does not preclude this Court from reviewing the issues de

novo and determining whether subject matter jurisdiction exists. Id.

 C. Sufficiency of the Indictments

 Defendant argues the indictments were facially insufficient to establish subject

matter jurisdiction in the superior court where they: (1) cover a period of time when

Defendant was a juvenile; (2) fail to allege the dates of the offenses with sufficient

 - 11 -
 STATE V. COLLINS

 Opinion of the Court

specificity; and, (3) state the same range of offense dates for all four charges. We

disagree.

 We address this issue only with regard to Defendant’s fourth conviction, which

A.B. testified occurred around Thanksgiving of 2011, as Defendant’s other three

convictions are vacated. “A challenge to the facial validity of an indictment may be

brought at any time, and need not be raised at trial for preservation on appeal.” State

v. LePage, 204 N.C. App. 37, 49, 693 S.E.2d 157, 165 (2010). Defendant was tried and

convicted on two bills of indictment in File Nos. 12 CRS 52879 and 12 CRS 52880.

Except for the docket numbers, each indictment is identical and charges two identical

counts of first degree rape of a child. The date of offense on the indictments is alleged

as “January 1, 2011 to November 30, 2011.”

 As discussed above, Defendant must have attained at least sixteen years of age

at the time the offenses occurred for the superior court to have jurisdiction over him.

N.C. Gen. Stat. §§ 7B-1601(a), 7B-1604. It is uncontested Defendant turned sixteen

years old on 14 September 2011.

 Defendant was fifteen years old and a juvenile from 1 January 2011 until 13

September 2011, the majority of the time period alleged on the indictments. The

superior court would have jurisdiction to enter judgment against Defendant only for

offenses, which occurred from his sixteenth birthday on 14 September 2011 until 30

November 2011.

 - 12 -
 STATE V. COLLINS

 Opinion of the Court

 An indictment must assert “facts supporting every element of a criminal

offense and the defendant’s commission thereof with sufficient precision clearly to

apprise the defendant . . . of the conduct which is the subject of the accusation.” N.C.

Gen. Stat. § 15A-924(a)(5) (2013). The purpose of the indictment is to put the

defendant on “notice of the charge against him so that he may prepare his defense

and be in a position to plead prior jeopardy if he is again brought to trial for the same

offense.” State v. Freeman, 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985). “Generally,

an indictment must include a designated date or period within which the offense

occurred.” State v. Everett, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991).

 In cases of sexual assaults on children, our Supreme Court has relaxed the

temporal specificity requisites which must be alleged to support the indictment:

 We have stated repeatedly that in the interests of justice
 and recognizing that young children cannot be expected to
 be exact regarding times and dates, a child’s uncertainty as
 to time or date upon which the offense charged was
 committed goes to the weight rather than the admissibility
 of the evidence. Nonsuit may not be allowed on the ground
 that the State’s evidence fails to fix any definite time for the
 offense where there is sufficient evidence that defendant
 committed each essential act of the offense.

State v. Wood, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (citations omitted)

(emphasis supplied).

 Here, the indictments alleged a period of time which includes from 14

September 2011 to 30 November 2011 when Defendant was sixteen years old and

 - 13 -
 STATE V. COLLINS

 Opinion of the Court

clearly under the jurisdiction of the superior court. The dissenting opinion does not

dispute that substantial evidence presented at trial showed one of the four offenses

occurred “around Thanksgiving,” and within the time period alleged on the

indictment after Defendant turned sixteen years old.

 The district court was without jurisdiction over the fourth offense where the

uncontroverted evidence shows it occurred “around Thanksgiving,” after Defendant

had turned sixteen years old the previous September. N.C. Gen. Stat. § 7B-1601(a)

(The district court has “exclusive, original jurisdiction over any case involving a

juvenile who is alleged to be delinquent. For purposes of determining jurisdiction,

the age of the juvenile at the time of the alleged offense governs.”). Only the superior

court had jurisdiction over this offense. Pettigrew, 204 N.C. App. at 257, 693 S.E.2d

at 704.

 Under the dissenting opinion’s rationale, the superior court is without

jurisdiction if the defendant is fifteen years old at any time within the alleged range

of offense dates, even if the evidence shows the crime clearly occurred when the

defendant was sixteen years old. This rationale is contrary to our Supreme Court’s

stated purpose for the relaxed temporal specificity requisites to allow allegations in

indictments charging crimes of sexual assaults on children. Wood, 311 N.C. at 742,

319 S.E.2d at 249.

 - 14 -
 STATE V. COLLINS

 Opinion of the Court

 A defendant may request a special verdict to require the jury to find the crime

occurred after he was sixteen years old. See State v. Blackwell, 361 N.C. 41, 46-47,

638 S.E.2d 452, 456 (2006), cert. denied, 550 U.S. 948, 167 L. Ed. 2d 1114 (2007) (“A

special verdict is a common law procedural device by which the jury may answer

specific questions posed by the trial judge that are separate and distinct from the

general verdict.”). Likewise, a defendant may move for a bill of particulars if he is

seeking more specificity on the allegations in the indictment. N.C. Gen. Stat. § 15A-

925 (2013); State v. Johnson, 30 N.C. App. 376, 377, 226 S.E.2d 876, 878, cert. denied,

291 N.C. 177, 229 S.E.2d 691 (1976) (“The purpose of a bill of particulars is to give an

accused notice of the specific charge or charges against him and to apprise him of the

particular transactions which are to be brought in question on the trial.”).

 The fact that the range of dates alleged for the offenses includes periods of time

when Defendant was not yet sixteen years old, but also alleges a period of time after

Defendant was sixteen years old, does not establish a lack of subject matter

jurisdiction to vacate Defendant’s fourth conviction for rape of a child. This Court

may vacate one count of an indictment, while upholding the valid remaining counts

contained therein. See, e.g., State v. Williams, __ N.C. App. __, __, 774 S.E.2d 880,

886-87 (2015) (vacating one count of PWIMSD on the indictment as fatally defective

and upholding a second count). Even if this Court adopted the rationale and

conclusion in the dissenting opinion, the State would not be barred from obtaining a

 - 15 -
 STATE V. COLLINS

 Opinion of the Court

new indictment charging only the crime, which occurred after Defendant’s sixteenth

birthday. We hold jurisdiction clearly exists in superior court and there is no error

in Defendant’s fourth conviction by the jury for first-degree rape of a child. This

argument is overruled.

 D. Disposition

 The appropriate disposition is to remand for resentencing on the fourth charge.

See State v. Brown, 350 N.C. 193, 213, 513 S.E.2d 57, 69-70 (1999) (This Court “cannot

assume that the trial court’s consideration of [the vacated convictions] had no affect

[sic] on the sentence imposed.”). As part of Defendant’s resentencing, the trial court

shall also conduct a new hearing on whether the imposition of lifetime satellite-based

monitoring is consistent with Grady, __ U.S. __,191 L. Ed. 2d 459 (2015) (North

Carolina’s satellite-based monitoring program effects a Fourth Amendment search,

and “[t]he reasonableness of a search depends on the totality of the circumstances,

including the nature and purpose of the search and the extent to which the search

intrudes upon reasonable privacy expectations.”).

 IV. Conclusion

 The State concedes the superior court’s lack of jurisdiction over the first

conviction. No evidence shows Defendant was sixteen years old, and the superior

court was without subject matter jurisdiction to enter judgment on the first three of

Defendant’s four convictions.

 - 16 -
 STATE V. COLLINS

 Opinion of the Court

 The judgment entered on the two convictions in File No. 12 CRS 52879 is

vacated. The conviction for Count I of the indictment in File No. 12 CRS 52880 and

the judgment entered thereon is vacated.

 The indictments lawfully allege a range of dates during which the offenses

occurred, including periods of time when Defendant was an adult, and are not facially

defective. The indictments allege a period of time when Defendant was sixteen years

old and was lawfully subject to the jurisdiction of the superior court.

 Unchallenged evidence shows the fourth offense occurred around

Thanksgiving 2011 and after Defendant’s sixteenth birthday on 14 September 2011.

We find no error regarding the jury’s verdict convicting Defendant of Count II of File

No. 12 CRS 52880. Defendant’s MAR alleging ineffective assistance of counsel is

dismissed for reasons stated in this opinion.

 This case is remanded to the superior court for a resentencing hearing on

Count II of File No. 12 CRS 52880 for the jury’s conviction finding Defendant to be

guilty of first-degree rape of a child. The trial court shall also conduct a new hearing

on the imposition of lifetime satellite-based monitoring.

 VACATED IN PART, NO ERROR IN PART, DISMISSED IN PART, AND
 REMANDED FOR RESENTENCING AND REHEARING ON LIFETIME
 SATELLITE-BASED MONITORING.

 Judge DIETZ concurs.

 Judge STROUD concurs in part and dissents in part in a separate opinion.

 - 17 -
No. COA15-659 – State v. Collins

 STROUD, Judge, concurring in part and dissenting in part.

 I concur with the majority in vacating three of Defendant’s convictions, but I

dissent because I believe that all four indictments failed to confer jurisdiction upon

the superior court.

 The evidence against Defendant is disturbing and compelling, and he has been

found guilty of raping a child four times. Any reasonable person would want him

punished and removed from society so that he may not have an opportunity to hurt

another child in any way. But this is just the sort of case in which “we must bear in

mind Lord Campbell’s caution: ‘Hard cases must not make bad laws.’ ” Shearin v.

Lloyd, 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957) (quoting Mast v. Sapp, 140 N.C.

533, 545, 53 S.E. 350, 354 (1906)). I believe that the superior court did not have

jurisdiction over Defendant under any of the four indictments as written because of

the error as to Defendant’s correct date of birth and because Defendant was under

the age of 16 during over 75% of the time period alleged.

 This is a unique case in which a defendant was charged as an adult based upon

a mistake as to his age. We do not know the origin of the mistake as to Defendant’s

age on the arrest warrants. Perhaps it was a mere typographical error, or perhaps

the date was listed incorrectly on another document and the error was not discovered

when the magistrate was preparing the arrest warrants. Inexplicably, no one—

defense counsel, the trial court, or anyone else in the courtroom—realized this basic

mathematical error until after Defendant had been arrested as an adult, indicted as
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

an adult, imprisoned as an adult pending trial for nearly two years, tried as an adult,

and convicted as an adult felon for at least three crimes (and maybe four) which he

committed under the age of 16. Only on appeal did Defendant’s counsel realize the

error as to Defendant’s age. As noted by the majority opinion, it is undisputed that

Defendant was either 15 or 16 years old when all of the alleged criminal acts were

committed, with only the fourth offense arguably occurring after his sixteenth

birthday.1 At the very least, it is a travesty of justice that a juvenile was arrested on

21 December 2012 for offenses he committed under the age of 16 and has been treated

as an adult defendant ever since, and no one noticed it until his convictions were

appealed.

 This oversight is even more baffling since the crime charged includes as

elements both the age of the victim and the age of the offender. N.C. Gen. Stat. § 14-

27.2(a)(1), under which Defendant was charged and convicted, defines the crime of

first-degree rape as follows:

 A person is guilty of rape in the first degree if the
 person engages in vaginal intercourse:

 (1) With a victim who is a child under the age of
 13 years and the defendant is at least 12 years old
 and is at least four years older than the victim[.]

 1 The briefs and majority refer to the offense which occurred last as the “fourth” offense or
indictment, and I also will call them the “fourth” for convenience and consistency. All four indictments
are identical and were issued simultaneously and based upon the indictments, there is no way to
distinguish between the alleged offenses. Only the evidence makes this distinction.

 2
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

N.C. Gen. Stat. § 14-27.2(a)(1) (2011).

 The arrest warrants listed Defendant’s birthday incorrectly; the later

indictments did not mention Defendant’s birthday or age but merely recited the

statutory language above. It is undisputed that the victim was under 13 and the

defendant was at least four years older than her during the entire time period alleged

in the indictments.

 The State argues that there is no jurisdictional requirement that a criminal

indictment of an adult must include the defendant’s date of birth or age, and this is

true. See N.C. Gen. Stat. § 15A-924 (2013). Criminal indictments of adults and

juvenile petitions2 are alike in many ways, and one of the similarities is that both

require essentially the same specificity in the description of the alleged criminal

offense. See In re J.F., ___ N.C. App. ___, ___, 766 S.E.2d 341, 345 (2014) (“The

sufficiency of a juvenile petition is evaluated by the same standards applied to

indictments in adult criminal proceedings. The general rule is that an indictment

charging a statutory sexual offense will be sufficient if it is couched in the language

of the statute.”) (citations and quotation marks omitted). In particular, indictments

for sex offenses against children may properly encompass a period of time and need

not allege a specific date of each offense. See State v. Everett, 328 N.C. 72, 75, 399

S.E.2d 305, 306 (1991). Defendant was actually under the age of 16 during over 75%

 2
 “The pleading in a juvenile action is the petition. The process in a juvenile action is the
summons.” N.C. Gen. Stat. § 7B-1801 (2013).

 3
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

of the time period alleged for all four indicted offenses, and there is no way to

determine which offense is which based on the four identical indictments.

 Certainly, the State could properly have filed juvenile petitions against

Defendant for three offenses alleging a time period from 1 January 2011 until 13

September 2011, or the day before Defendant’s sixteenth birthday, and an indictment

for a fourth offense, alleging a time period from 14 September 2011 until 30 November

2011. Based upon Defendant’s actual age and evidence presented, the district court

would have had jurisdiction over the juvenile petitions, and the superior court would

have had jurisdiction over the indictment. See N.C. Gen. Stat. § 7B-1604(a) (2013)

(“Any juvenile . . . who commits a criminal offense on or after the juvenile’s sixteenth

birthday is subject to prosecution as an adult.”). Perhaps the district court would

have transferred the three juvenile matters to superior court to be tried with the

fourth offense. See N.C. Gen. Stat. § 7B-2200 (2013) (“[T]he court may . . . transfer

jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or

older at the time the juvenile allegedly committed an offense that would be a felony

if committed by an adult.”) (emphasis added). But none of this happened because of

a mathematical error.

 Except for the mistake as to Defendant’s date of birth, Defendant would have

been treated as a juvenile and—unlike an indictment—a juvenile petition for

delinquency must include an allegation of the juvenile’s age:

 4
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

 The petition shall contain the name, date of birth,
 and address of the juvenile and the name and last known
 address of the juvenile’s parent, guardian, or custodian.
 The petition shall allege the facts that invoke jurisdiction
 over the juvenile. The petition shall not contain
 information on more than one juvenile.
 A petition in which delinquency is alleged shall
 contain a plain and concise statement, without allegations
 of an evidentiary nature, asserting facts supporting every
 element of a criminal offense and the juvenile’s commission
 thereof with sufficient precision clearly to apprise the
 juvenile of the conduct which is the subject of the
 allegation.
 Sufficient copies of the petition shall be prepared so
 that copies will be available for the juvenile, for each
 parent if living separate and apart, for the guardian or
 custodian if any, for the juvenile court counselor, for the
 prosecutor, and for any person determined by the court to
 be a necessary party.

N.C. Gen. Stat. § 7B-1802 (2013) (emphasis added).

 The requirement that the petition include the juvenile’s date of birth and “facts

that invoke jurisdiction over the juvenile” is the relevant difference here between the

jurisdictional requirements of a juvenile petition and an adult criminal indictment.

See id. It is immediately apparent even in the statute regarding the petition that a

juvenile under the age of 16 is treated differently than an adult or an older juvenile.

For example, copies of the petition must be prepared for “each parent if living

separate and apart, for the guardian or custodian if any, for the juvenile court

counselor, for the prosecutor, and for any person determined by the court to be a

necessary party.” Id. A juvenile is afforded many different protections throughout

 5
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

the entire court process.3 Without listing all of these differences, the most salient

here is that the district court has “exclusive, original jurisdiction over any case

involving a juvenile who is alleged to be delinquent” and has the discretion as to

whether to transfer Defendant to superior court to be tried an adult. N.C. Gen. Stat.

§§ 7B-1601(a), -2200 (2013).

 N.C. Gen. Stat. § 7B-2203(b) sets out the factors to be considered in a transfer

hearing:

 In the transfer hearing, the court shall determine
 whether the protection of the public and the needs of the
 juvenile will be served by transfer of the case to superior
 court and shall consider the following factors:

 (1) The age of the juvenile;

 (2) The maturity of the juvenile;

 (3) The intellectual functioning of the juvenile;

 (4) The prior record of the juvenile;

 (5) Prior attempts to rehabilitate the juvenile;

 (6) Facilities or programs available to the court
 prior to the expiration of the court’s jurisdiction
 under this Subchapter and the likelihood that the
 juvenile would benefit from treatment or
 rehabilitative efforts;

 (7) Whether the alleged offense was committed in
 an aggressive, violent, premeditated, or willful
 manner; and

 3 See generally N.C. Gen. Stat. ch. 7B, arts. 17 to 27 (2013).

 6
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

 (8) The seriousness of the offense and whether
 the protection of the public requires that the juvenile
 be prosecuted as an adult.

N.C. Gen. Stat. § 7B-2203(b) (2013). If the district court decides to transfer the case

to superior court, the resulting “order of transfer shall specify the reasons for

transfer.” Id. § 7B-2203(c) (emphasis added). “The juvenile court must consider eight

enumerated factors pursuant to a transfer hearing and then specify the reasons for

transfer if the case is transferred to superior court.” In re E.S., 191 N.C. App. 568,

572, 663 S.E.2d 475, 478 (citation and brackets omitted), disc. review denied, 362 N.C.

681, 670 S.E.2d 231 (2008).

 The transfer decision is in the discretion of the district court and is reviewable,

by either the superior court or any appellate court, only for an abuse of discretion.

See id. at 573, 663 S.E.2d at 478 (“[T]he decision to transfer a juvenile’s case to

superior court lies solely within the sound discretion of the juvenile court judge and

is not subject to review absent a showing of gross abuse of discretion.”) (citation

omitted). Defendant never had the opportunity for a transfer hearing on any of the

charges against him. We know nothing of his maturity, intellectual functioning, and

other factors which the district court would have been required to consider, although

the record surely contains hints that Defendant had significant intellectual and

emotional challenges.

 7
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

 The assertion of jurisdiction over Defendant as an adult based upon a mistake

as to his age is not a mere technicality; it is a jurisdictional error and irrevocably

changed the course of his prosecution:

 The superior court may obtain subject matter jurisdiction
 over a juvenile case only if it is transferred from the district
 court according to the procedure [that N.C. Gen. Stat. § 7A-
 608 (1989), the predecessor of N.C. Gen. Stat. § 7B-2200,]
 prescribes. Contrary to the Court of Appeals’ opinion and
 the State’s arguments, the superior court cannot obtain
 jurisdiction by the mere passage of time nor can the mere
 passage of time transform a juvenile offense into an adult
 felony. A juvenile offender does not “age out” of district
 court jurisdiction and by default become subject to superior
 court jurisdiction upon turning eighteen. Because the
 district court never actually exercised jurisdiction here,
 that court could not and did not properly transfer the case
 to the superior court. Therefore, the superior court lacks
 subject matter jurisdiction.
 This interpretation both conforms to the plain
 language of these statutes and accords with legislative
 intent. In the Juvenile Code, the General Assembly
 enacted procedural protections for juvenile offenders with
 the aim that delinquent children might be rehabilitated
 and reformed and become useful, law-abiding citizens.
 These safeguards evince conceptual distinctions between
 the purpose of juvenile proceedings and that of adult
 criminal prosecutions. Further, had the legislature
 intended that the time of institution of proceedings should
 govern jurisdiction, the 1994 amendment lowering the age
 at which juveniles may be transferred to superior court for
 trial as adults would have been superfluous.

State v. Dellinger, 343 N.C. 93, 96, 468 S.E.2d 218, 220-21 (1996) (citation omitted).

 The State argues that even if Defendant was under age 16 during much of the

time alleged in the indictments, he was over 16 during some of the period alleged and

 8
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

was 18 by the time he was tried, so at least the fourth offense, which the evidence

places in that time period, was properly in superior court. The majority relies on the

lenity which our case law has afforded the State in allegations of dates in sex offense

cases involving child victims. But neither the State nor the majority can cite to a case

in which the time period alleged in an indictment covers a time during which a

defendant would have been under 16, because there is no such case in North Carolina.

Only one case alludes to this situation, where the defendant argued that the

allegation that the offense occurred “on or about” a time period beginning about a

week after his sixteenth birthday could possibly include events occurring before he

turned sixteen, thus depriving the superior court of jurisdiction. See State v.

Pettigrew, 204 N.C. App. 248, 256-57, 693 S.E.2d 698, 704, appeal dismissed, 364 N.C.

439, 706 S.E.2d 467 (2010). This Court implied that it would be error to include a

time period before a defendant’s sixteenth birthday in the indictment:

 Defendant next argues that his convictions must be
 vacated because the time period of the offenses alleged in
 the superseding indictment encompasses a time prior to
 Defendant’s 16th birthday, and thus, the superior court
 lacked jurisdiction over this matter. . . .
 ....
 [T]he superseding indictment alleged that Defendant
 committed the charged offenses “on or about” 1 February
 2001 through 20 November 2001. On 23 January 2001,
 Defendant turned 16 years old. Thus, Defendant contends
 that the “on or about” language in the superseding
 indictment could encompass acts committed before 23
 January 2001, when Defendant was 15 years old.
 N.C. Gen. Stat. § 15A-924(a)(4) provides that an

 9
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

 indictment must include “a statement or cross reference in
 each count indicating that the offense charged was
 committed on, or on or about, a designated date, or during
 a designated period of time.” The “on or about” language is
 commonly used in indictments, and Defendant
 acknowledges that this language is usually sufficient for
 purposes of N.C. Gen. Stat. § 15A-924(a)(4).
 We are not persuaded by Defendant’s argument. As
 we held above, there was substantial evidence that
 Defendant committed the charged offenses within the time
 frame alleged in the superseding indictment. Defendant
 was 16 years old during that entire time frame.
 Accordingly, Defendant’s argument is without merit, and
 this assignment of error is overruled.

Id. at 256-58, 693 S.E.2d at 704 (emphasis added and brackets omitted). Although

Pettigrew did not address the exact issue presented in this case, since that

indictment’s first alleged date was after the defendant’s sixteenth birthday and “there

was substantial evidence that Defendant committed the charged offenses” after his

sixteenth birthday, I believe Pettigrew is instructive and tends to support the lack of

jurisdiction. See id., 693 S.E.2d at 704.

 The majority cites State v. Williams for the proposition that “[t]his Court may

vacate one count of an indictment while upholding the valid remaining counts

contained therein.” See State v. Williams, ___ N.C. App. ___, ___, 774 S.E.2d 880,

886-87 (2015). I agree that this general rule of law is true, but Williams is inapposite

to the jurisdictional question at issue as the defendant there was an adult and there

was no question of potential juvenile court jurisdiction. In Williams, the defendant

was charged with two different crimes in one indictment. Id. at ___, 774 S.E.2d at

 10
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

883. This Court held that the first count of the indictment was fatally defective

because it failed to “allege the possession of a substance that falls within Schedule I”

and the State’s amendment to the indictment was an impermissible “substantial

alteration” so that the trial court lacked subject matter jurisdiction over the first

count. Id. at ___, 774 S.E.2d at 885-86. But the remaining count of the indictment

properly described a distinctly different crime, and the defendant’s various challenges

to that conviction were rejected. Id. at ___, 774 S.E.2d at 886-87. Here, the two

indictments each included two counts of the same offense, described in the same way

and occurring in the same time period. On the face of the indictments, there is no

way to distinguish one count from another, and the time period covered by each is the

same.

 The State argued before this Court that as long as a defendant is 16 or older

for at least part of the time period alleged in an indictment, the superior court has

jurisdiction over him as an adult. I do not find any law that supports this claim and

believe it is simply incompatible with our entire system of juvenile justice. The law

treats juveniles under age 16 differently for many important reasons and grants the

district court “exclusive, original jurisdiction” over these cases. See N.C. Gen. Stat. §

7B-1601(a). The State’s position would allow the State to charge juveniles as adults,

to arrest them as adults, to imprison them pending trial as adults, and to claim “no

harm, no foul” when the error is pointed out if even just a small bit of the evidence

 11
 STATE V. COLLINS

 STROUD, J., concurring in part and dissenting in part

against the defendant covers a time period after his sixteenth birthday. Even if

Defendant was not prejudiced by being arrested, tried, and convicted as an adult, the

superior court simply did not have jurisdiction over Defendant under the indictments

as written. Cf. Lee v. Gore, 365 N.C. 227, 234, 717 S.E.2d 356, 361 (2011) (“Finally,

to hold otherwise essentially adopts a ‘no harm, no foul’ analysis. Absent prejudice,

so the argument goes, a statutory violation such as we have here may be overlooked.

As we explain above, however, this case involves the [Division of Motor Vehicles’]

authority to act. This is not a case that turns upon prejudice to the petitioner.”).

 For the reasons stated above, I believe all of Defendant’s convictions must be

vacated for lack of jurisdiction, so I dissent.

 12