STATE OF NORTH CAROLINA v. DENNIS KYLE WOOD

No. 539A83

(Filed 28 August 1984)

**1. Rape and Allied Offenses § 5— rape of child—indefinite date of offense**

The State's evidence was sufficient to convict defendant of first-degree rape, although the nine-year-old victim was unable to testify with certainty as to the date of the offense, where the trial court instructed the jury that, in light of defendant's evidence of alibi, the State would be required to prove that the offense occurred on or about 18 April as alleged in the indictment, and defendant's alibi defense was not affected by the State's inability to prove conclusively that the offense occurred on 18 April.

2. **Rape and Allied Offenses § 6.1— rape of child—failure to submit attempt to rape**

 There was sufficient evidence of penetration to support defendant's conviction of rape of a nine-year-old child, and the trial court's failure to submit the lesser included offense of attempt to commit first-degree rape did not constitute plain error.

3. **Rape and Allied Offenses § 4— rape of child and indecent liberties—admissibility of sexually explicit magazines**

 In a prosecution for first-degree rape of a child and taking indecent liberties with two children, sexually explicit magazines discovered in a search of defendant's property were competent to illustrate the testimony of the investigating officers who conducted the search and to corroborate the testimony of the victims that defendant showed them pictures in the magazines prior to committing the offenses. While it may not have been necessary for the State to introduce all of the 100 magazines, this fact alone does not constitute error sufficiently prejudicial to warrant granting defendant a new trial.

BEFORE *Burroughs, J.,* at the 20 June 1983 Criminal Session of Superior Court, TRANSYLVANIA County, defendant was convicted of first degree rape and two counts of taking indecent liberties with a minor. Defendant appeals of right from a life sentence imposed for his conviction of first degree rape. Motion to bypass the Court of Appeals on two concurrent three year sentences imposed for taking indecent liberties was allowed 9 February 1984. This case was heard in the Supreme Court on 8 May 1984.

The victims, to whom we will refer as Jennifer and "J.B.," were both nine years old at the time of the alleged offenses. Both girls testified that in the spring of 1982 they had gone to the defendant's house to do chores for him, in return for which they would be paid. After cleaning the house, they went outside where defendant took photographs of them with his polaroid camera. He then told them to go into a nearby shed. He locked the door on the outside and crawled into the shed through an opening in the back. He told them to undress and lie on a mattress in the shed. While they posed according to his instructions, he photographed them. Defendant, having removed his pants, then posed over one of the girls, ejaculating on her chest, while the second girl was told to take a photograph. The girls' recollection of the events was reasonably detailed and consistent. Defendant warned the girls that if they told their parents he would be in serious trouble

with the police. J.B. had been to defendant's home prior to this incident. The defendant had taken her into his bedroom, ordered her to undress, told her how to pose, took photographs of her, and had sexual intercourse with her.

Jennifer's mother testified that she had taken her daughter to defendant's house to clean on the Sunday of Memorial Day weekend, May 31. Defendant was a neighbor whom she had met through J.B.'s parents.

J.B.'s parents testified that the defendant had been a friend of theirs for several years. He had given J.B. a bicycle for her birthday in November, 1982. Shortly before Christmas, the defendant accompanied the family to Asheville. During the trip, according to J.B.'s testimony, defendant placed his hand on her knee and she responded by slapping him. Words were exchanged. Later defendant informed J.B.'s parents that he was taking the bicycle back. When J.B.'s mother questioned her about the incident, J.B. became upset and informed her mother about the incidents that had occurred the previous spring. J.B.'s mother telephoned Jennifer's mother and Jennifer corroborated J.B.'s account of what had happened. Defendant was subsequently arrested and charged.

Defendant testified on his own behalf. He admitted asking the girls to come to his home to clean and work in his greenhouse on 16 May. While there, he took photographs of them with his dog. He denied taking them into the shed, telling them to undress and photographing them. He presented an alibi witness for Memorial Day weekend. His aunt testified that defendant was with her that weekend in Jackson County.

Defendant's eighty-two year old father testified that he and his son were in Jackson County on Memorial Day weekend. He recalled J.B. and Jennifer visiting on some other occasion. They cleaned the house and went outside to have their photographs taken with the dog. He was working in the kitchen all day and watched them continuously. At no time did the girls go into the shed. In fact, Mr. Wood testified that he kept the key to the shed with his car keys in his pocket during the entire day. The girls testified that although they remembered defendant's father being home while they were there, he was asleep. When the police arrived to search defendant's home in January, they found the key

to the shed, contrary to defendant's testimony, hanging on a hook in the kitchen. Mr. Wood testified that defendant was at home with him on 18 April. He also testified that whenever J.B. came to the house, she was always accompanied by her brother. J.B. denied that her brother was with her when she came with Jennifer or on the day she was raped.

*Attorney General Rufus L. Edmisten by Assistant Attorney General David Gordon, for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Lorinzo L. Joyner, for the defendant-appellant.*

COPELAND, Justice.

[1] Defendant first contends that the evidence was insufficient to convict him of first degree rape inasmuch as the State failed to prove that the rape occurred on 18 April as alleged in the indictment.

Defendant correctly points out that the victim, a nine-year-old child, was unable to testify with certainty as to the date of the offense. She testified that it was on a weekend sometime prior to the Memorial Day weekend offenses and that she was still in school. We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962). *See: State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984). Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense. *Id.*

We do not have here a situation wherein defendant's alibi defense was affected by the State's inability to prove conclusively that the offense occurred on 18 April. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). *See: State v. Christopher*, 307 N.C. 645, 300 S.E. 2d 381 (1983). Following the presentation of evidence, the trial judge ruled and later instructed the jury that in light of the defendant's evidence of an alibi, the State would be

held to prove that the offense occurred on or about 18 April. Having been given the benefit of this instruction and an opportunity to present alibi evidence for 18 April, which evidence the jury chose to disbelieve, defendant appears to be arguing that these circumstances now require conclusive proof that the offense occurred on 18 April, proof not normally necessary and not normally possible where the victim is a child. We reject this argument. To force the State to admit of a date certain in order to accommodate defendant's alibi evidence, and then by convoluted reasoning to suggest that failure to prove the offense occurred on that specific date is fatal to the State's case, would clearly frustrate the State's efforts to convict on sex related offenses involving young children. This assignment of error is overruled.

[2]　Defendant next contends that the trial judge erred in failing to submit the lesser included offense of attempt to commit first degree rape. He alleges that the evidence was inconclusive as to the element of penetration. Defendant failed to request the instructions at trial and therefore concedes that our review is limited to finding plain error. *See: State v. Odom,* 307 N.C. 655, 300 S.E. 2d 375 (1983).

We deem it unnecessary to reiterate the evidence presented at trial which was offered to prove the crime of first degree rape. Our careful reading of the transcript, including the testimony of the victim and the examining physician, discloses that there was sufficient evidence of penetration to support defendant's conviction. *See: State v. Stanley,* 310 N.C. 353, 312 S.E. 2d 482 (1984); *State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917 (1972); *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190 (1968); *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396. Furthermore, defendant denied having any sexual relationship with the victim, thereby failing to raise the issue of penetration at trial. Defendant did not request an instruction on the lesser included offense of attempt to commit rape. We find no plain error in the trial judge's failure to so instruct. The assignment of error is overruled.

[3]　Defendant's final assignment of error concerns the introduction into evidence of sexually explicit magazines discovered as the result of a search of defendant's property. The magazines were admitted for the sole purpose of illustrating the testimony of the investigating officers who conducted the search. Defendant ar-

gues that the prejudicial effect of this evidence outweighed any probative value it may have had. He specifically objects to the number of magazines, more than one hundred, which were offered and viewed by the jury.

Not only were the magazines properly admitted for purposes of illustrating the testimony of the witness, *see*: 1 Brandis on N.C. Evidence § 34 (1982), but the evidence was relevant to corroborate the testimony of the victims. 1 Brandis on N.C. Evidence § 49 (1982) and cases cited thereunder. Both girls testified that defendant showed them pictures in the magazines prior to committing the offenses. Thus, limiting the evidence for purposes of illustration was favorable to the defendant. While it may not have been necessary for the State to introduce all the magazines, this fact alone does not constitute error sufficiently prejudicial to warrant granting defendant a new trial. This trial was free of prejudicial error.

No error.