STATE OF NORTH CAROLINA v. LARRY ANTHONY EVERETT

No. 157A90

(Filed 10 January 1991)

**Rape and Allied Offenses § 5 (NCI3d) — rape and sexual offenses — child victim — sufficient evidence as to time**

The State's evidence was sufficient to allow the jury to consider two first degree rapes and two first degree sexual offenses allegedly committed by defendant on his three-year-old stepdaughter between 1 and 29 February 1988 and between 1 and 31 March 1988 where it tended to show: the offenses

allegedly occurred in the mobile home where the victim lived with her mother and defendant; the victim told her stepsister, defendant's natural daughter, that defendant "won't leave me alone; he keep putting his private in mine"; the stepsister visited the home in February and March 1988, and on each visit the victim would talk to her about the assaults; one of these occasions was on Valentine's Day, which is 14 February; the stepsister went to a party for the victim's 16 March 1988 birthday, and the victim told her something had happened "near the birthday"; when asked how often defendant did bad things to her, the victim testified that "he did it when my mommy go to work" and that her mother went to work "most of the days"; the victim testified that the defendant "usually" did it in the bed and when her mother was there, he "usually" did it in the bathroom; the stepsister testified that she visited at the mobile home every other weekend and that the victim told her something had happened "all the time"; the victim told a social worker that defendant "had put his finger in her tail"; the victim told a pediatrician that defendant "stuck his fingers in my tail," and she responded "yes" when the pediatrician asked her if that had happened before; the victim told the examining physician defendant put "his thing" in her, and in response to the physician's inquiry concerning the number of times, she held up three fingers on each hand; the examining physician testified that the victim's vaginal opening was larger than he would have expected had only digital manipulation occurred; and the stepsister testified that defendant had abused her in a similar manner, including abuse by penetration. The temporal uncertainty affected the weight rather than the admissibility of the evidence, and the motion to dismiss on the ground that the State's evidence failed to fix a definite time was properly denied.

**Am Jur 2d, Infants § 17.5; Rape §§ 52, 71, 73, 75, 88, 89, 101.**

**Admissibility, in rape case, of evidence that accused raped or attempted to rape person other than prosecutrix. 2 ALR4th 330.**

APPEAL by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 23, 390 S.E.2d 160 (1990), reversing judgments of imprisonment entered by *Britt, J.,* on 16 March 1989 in Superior Court,

STATE v. EVERETT

[328 N.C. 72 (1991)]

CUMBERLAND County, upon defendant's convictions on two counts of first-degree rape and two counts of first-degree sexual offense. Heard in the Supreme Court 9 October 1990.

*Lacy H. Thornburg, Attorney General, by James C. Gulick, Special Deputy Attorney General, for the State, appellant.*

*James R. Nance, Jr., for defendant appellee.*

WHICHARD, Justice.

Defendant was indicted on three counts of first-degree rape and six counts of first-degree sexual offense. The indictments alleged that he committed one rape and two sex offenses during each of the following periods: (1) between 1 February and 29 February 1988; (2) between 1 March and 31 March 1988; and (3) between 1 April and 14 April 1988.

The trial court dismissed three of the six counts of first-degree sexual offense. It denied defendant's motion to dismiss the remaining counts, and the jury convicted defendant on the remaining charges. The trial court sentenced him to five concurrent life sentences and one consecutive life sentence.

On appeal, a divided panel of the Court of Appeals found the evidence insufficient to allow the charges in the indictments relating to the February and March offenses to go to the jury and reversed the judgments imposed on those counts. *State v. Everett*, 98 N.C. App. 23, 390 S.E.2d 160 (1990). Judge Cozort dissented, and the State exercised its right to appeal. N.C.G.S. § 7A-30(2) (1989).

Because this appeal is before us pursuant to N.C.G.S. § 7A-30(2), review is limited to the issue raised in Judge Cozort's dissent: whether there was sufficient evidence to allow the jury to consider the indictments charging two first-degree rapes and two first-degree sexual offenses committed in February and March 1988. *Everett*, 98 N.C. App. at 33, 390 S.E.2d at 165. We hold that the evidence was sufficient to allow the jury to consider these offenses. We thus reverse the Court of Appeals and remand for reinstatement of the judgments.

"In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essen-

tial element of the offense and that the defendant was the perpetrator." *State v. Lyszaj*, 314 N.C. 256, 266, 333 S.E.2d 288, 295 (1985). The court "must consider the evidence in the light most favorable to the state, and the state is entitled to every reasonable inference to be drawn from the evidence." *State v. Artis*, 325 N.C. 278, 301, 384 S.E.2d 470, 483 (1989), *sentence vacated*, 494 U.S. ---, 108 L.Ed.2d 604 (1990); *see also State v. Forney*, 310 N.C. 126, 128, 310 S.E.2d 20, 21 (1984).

Generally, an indictment must include a designated date or period within which the offense occurred. N.C.G.S. § 15A-924(a)(4) (1990). However, the statute expressly provides that "[e]rror as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice." *Id.* Also, "[n]o judgment upon any indictment . . . shall be stayed or reversed for . . . omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly." N.C.G.S. § 15-155 (1990).

In cases of sexual assaults on children, temporal specificity requisites diminish.

We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

*State v. Wood*, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (citations omitted). Unless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs. *See State v. Hicks*, 319 N.C. 84, 91, 352 S.E.2d 424, 428 (1987); *State v. Sills*, 311 N.C. 370, 376, 317 S.E.2d 379, 382 (1984). "[I]t is sufficient for conviction that the jury is satisfied *upon the whole evidence* that each element of the crime has been proved beyond a reasonable doubt." *State v. May*, 292 N.C. 644, 655, 235 S.E.2d 178, 185 (emphasis added), *cert. denied*, 434 U.S. 928, 54 L.Ed.2d 288 (1977).

Considered in light of the foregoing standards, the pertinent evidence here showed the following:

The victim, defendant's stepdaughter, was three years old at the time the offenses allegedly occurred in the mobile home where she lived with her mother and defendant. The victim's stepsister, defendant's natural daughter, testified that the victim told her defendant "won't leave me alone; he keep putting his private in mine." She testified that she visited the home in February and March 1988, and that every time she visited the victim would talk to her about the assaults. She testified, more specifically, that she went to see defendant near Valentine's Day, which is on 14 February. "[E]very time" she went to see defendant, the victim told her something had happened between her and the defendant. When asked whether the victim was at the home when she visited near Valentine's Day, defendant's daughter responded, "I think so." The prosecuting attorney then asked whether she gave the victim something for Valentine's Day in 1988, and she replied, "I think so." The defendant's daughter also testified that she remembered going to the victim's birthday party in 1988 and that the victim told her something had happened "near the birthday." The victim's birthday is 16 March.

The evidence indicated that the victim suffered repeated assaults. The victim told defendant's daughter: "My daddy won't leave me alone. He *keep* putting his — his private in mine (emphasis added)." When asked how often defendant did "bad things" to her, the victim testified that "[h]e did it when my mommy go to work" and that her mother went to work "most of the days." The victim testified that the defendant *"usually* do it in the bed. . . . [A]nd when my mommy is there, he *usually* do it in the bathroom (emphasis added)." Also, the victim testified: "[N]obody ever touched me how [the defendant did]."

The daughter testified that she visited at the trailer every other weekend and that the victim told her something had happened "all the time." When a social worker talked to the victim, she told him the defendant "had put his finger in her tail." The victim told a pediatrician that defendant "stuck his fingers in my tail," and she responded "yes" when the pediatrician asked her if that had happened before. She told her examining physician defendant put "his thing" in her, and in response to the physician's

inquiry concerning the number of times, she held up three fingers on each hand.

Further, the physical evidence was consistent with repeated penetration by a blunt object. The examining physician testified that the vaginal opening was larger than he would have expected had only digital manipulation occurred.

Additional testimony established a pattern of child sexual abuse by defendant. The daughter testified that defendant had abused her sexually in a similar manner, including abuse by penetration.

We hold that the foregoing evidence, as a whole, considered in the light most favorable to the State as required, was sufficient to withstand the motion to dismiss and to allow the jury to consider the first-degree rapes and first-degree sexual offenses allegedly committed in February and March 1988. It permitted a reasonable inference that defendant regularly perpetrated rapes and sexual offenses on the minor victim and that one of each category of those offenses occurred on or near both 14 February and 16 March 1988, dates within the ranges set forth in the indictments. The temporal uncertainty affected the weight rather than the admissibility of the evidence, and the motion to dismiss on the ground that the State's evidence failed to fix a definite time was properly denied. *State v. Wood*, 311 N.C. at 742, 319 S.E.2d at 249.

For the foregoing reasons, the decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further remand to the Superior Court, Cumberland County, for reinstatement of the judgments.

Reversed.