An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1390

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.

MICHAEL B. POSTELL

Lincoln County
Nos. 11 CRS 50314-15

Appeal by defendant from judgments entered 18 March 2013 by Judge Linwood O. Foust in Lincoln County Superior Court. Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General John F. Oates, Jr., for the State.*

> *Ryan McKaig for defendant-appellant.*

ERVIN, Judge.

Defendant Michael B. Postell appeals from judgments sentencing him to terms of imprisonment based upon his convictions for first degree sex offense, statutory sex offense, and two counts of taking indecent liberties with a child. On appeal, Defendant contends that the indictments that had been returned against him were fatally defective on the grounds that they failed to adequately inform him of the dates upon which the

offenses that he was charged with having committed allegedly occurred. After careful consideration of Defendant's challenge to the trial court's judgments in light of the record and the applicable law, we conclude that the trial court's judgments should remain undisturbed.

## I. Factual Background

## A. Substantive Facts

## 1. State's Evidence

In December 2008, Defendant and his father, Tim Postell, moved into a mobile home that was occupied by D.C.[1] and his mother, Kim G., with whom Mr. Postell was engaged in a romantic relationship. At that time, Defendant was 21 years old and Dalton, with whom Defendant shared a room, had just turned twelve. In December 2009, Kim G., Mr. Postell, Defendant, and Dalton moved into a larger mobile home, where they lived until Kim G. and Mr. Postell parted company at the end of June 2010.

Although Dalton, who suffered from a variety of behavioral difficulties and intellectual limitations, initially enjoyed having Defendant around, he described Defendant as having become more aggressive over time. In early 2009, at a time when the group still lived at the first mobile home, Defendant assaulted

---

[1]D.G. will be referred to throughout the remainder of this opinion as Dalton, a pseudonym used for ease of reading and to protect Dalton's privacy.

Dalton and penetrated him anally. After assaulting Dalton on this occasion, Defendant threatened to kill Dalton if he ever told anyone about what Defendant had done. On the day before Father's Day in 2010, after the group moved to the second mobile home, Defendant forced Dalton to the floor, pulled down his shorts, and inserted his penis into Dalton's anus.

The relationship between Kim G. and Mr. Postell ended shortly after the second assault. After Kim G. died of breast cancer in December 2010, Dalton went to live with his father, James C. After Dalton came to live with him, James C. noticed that Dalton would insert his fingers into his anus and smear excrement upon himself. When James C. questioned Dalton about his conduct, Dalton told him about the assaults that Defendant had committed against him.

James C. reported Dalton's accusations to the Lincoln County Sheriff's Department. On 27 January 2011, Detective Seth Bailey of the Lincoln County Sheriff's Department interviewed Defendant, who denied Dalton's accusations. After a subsequent interview conducted by Special Agent Amanda Nosalek of the State Bureau of Investigation, however, Defendant signed a statement in which he admitted that, on two occasions, while he was wrestling with Dalton, the head of his penis had entered Dalton's anus.

### 2. Defendant's Evidence

Defendant denied having assaulted Dalton on any occasion. In addition, Mr. Postell testified that Defendant had not lived in the first trailer for three months after the Christmas of 2008 and denied that Defendant had ever lived in the second mobile home at all.

### B. Procedural History

On 31 January 2011, warrants for arrest charging Defendant with two counts of taking indecent liberties with a child and two counts of first degree sex offense were issued. On 21 February 2011, the Lincoln County grand jury returned bills of indictment charging Defendant with two counts of taking indecent liberties with a minor, two counts of first degree kidnapping, one count of first degree sex offense, and one count of statutory sexual offense.

The charges against Defendant came on for trial before the trial court and a jury at the 14 January 2013 criminal session of the Lincoln County Superior Court. However, the trial court declared a mistrial on 16 January 2013 on the grounds that, "after the trial had begun, two jurors had to be excused which did not leave enough jurors to proceed with the trial."

The charges against Defendant came on for trial before the trial court and a jury for a second time at the 11 March 2013

criminal session of the Lincoln County Superior Court. At the conclusion of all the evidence, the trial court dismissed the first-degree kidnapping charges. On 18 March 2013, the jury returned verdicts convicting Defendant of two counts of taking indecent liberties with a minor, one count of first degree sex offense, and one count of statutory sex offense. At the conclusion of the ensuing sentencing hearing, the trial court consolidated Defendant's first degree sex offense and statutory sex offense convictions for judgment and entered a judgment ordering that Defendant be imprisoned for a term of 192 to 240 months. In addition, the trial court entered judgments sentencing Defendant to consecutive terms of 16 to 20 months imprisonment based upon his convictions for taking indecent liberties with a minor, with these sentences to run concurrently with the sentence imposed upon Defendant based upon his convictions for first degree sex offense and statutory sex offense. Defendant noted an appeal to this Court from the trial court's judgments.

## II. Legal Analysis

In his sole challenge to the trial court's judgments, Defendant contends that the trial court lacked jurisdiction to accept the jury's verdicts and to enter judgment against him on the grounds that the indictments that had been returned against

him in these cases were fatally defective. More specifically, Defendant contends that, because "the indictments allege a broad period of time occurring long before the crimes were reported, the indictments . . . [are] fatally defective." We do not find Defendant's argument persuasive.

The indictments in this case allege that the offenses for which Defendant was convicted occurred on "12/15/2008-11/30/2009" and "6/01/2010-6/30/2010." According to N.C. Gen. Stat. § 15A-924(a)(4), an indictment must contain "[a] statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time."

> However, [N.C. Gen. Stat. § 15A-924(a)(4)] expressly provides that [e]rror as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice. Also, [n]o judgment upon any indictment . . . shall be stayed or reversed for . . . omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly.

*State v. Everett*, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991) (citations and quotation marks omitted). Thus, the fact that an indictment alleges that the crime charged in that criminal pleading occurred during an interval of time rather than on a

particular date does not, without more, render the indictment in question fatally defective. The lack of any necessity for the indictment to allege a specific offense date is particularly pronounced "[i]n cases of sexual assaults on children," in which "temporal specificity requisites diminish." *Everett*, 328 N.C. at 75, 399 S.E.2d at 306. As a result, "[u]nless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs." *Id.*

In *State v. Oliver*, 85 N.C. App. 1, 354 S.E.2d 527, *disc. rev. denied*, 320 N.C. 174, 358 S.E.2d 64-65 (1987), the defendants were charged with having committed several sex-related offenses against the female defendant's daughter based upon indictments that alleged that the offenses with which the defendants had been charged occurred during a period of time rather than on a specific date. On appeal, the defendants argued that the indictments were fatally defective "because [they] alleged [that] the offenses occurred during a specified period of time rather than on specific days[.]" *Id.* at 7, 354 S.E.2d at 531. In rejecting this argument, we held that, "[s]ince there was no error in the dates alleged, even if time were of the essence in defendants' case, the charges would not be subject to dismissal under [N.C. Gen. Stat. §] 15A-924(a)(4)." *Id.*

Defendant has not, in this case, contended that the record is devoid of support for a determination that the offenses for which he was convicted occurred during the periods alleged in the indictments that were returned against him, and our review of the record satisfies us that any such contention would have been without merit. In addition, Defendant has completely failed to establish that he was prejudiced in any concrete and definite way by the fact that the offenses charged in the indictments that were returned against him occurred during a specified interval of time rather than on a specific date. Such highly generalized assertions of prejudice are simply not sufficient, particularly given that Defendant was able to advance an alibi-like defense at trial. Although Defendant contends that the legal principles ordinarily applicable in such situations should not apply in cases, like this one, in which a substantial amount of time passed between the date upon which the offenses that he was charged with committing had allegedly occurred and the date upon which he was actually charged with committing those offenses, Defendant has not cited any authority in support of this assertion, and we know of none. As a result, Defendant is not entitled to relief from his convictions based upon the argument advanced in his brief.

## III. Conclusion

Thus, for the reasons set forth above, Defendant's sole challenge to the trial court's judgments lacks merit. As a result, the trial court's judgments should, and hereby do, remain undisturbed.

NO ERROR.

Judges ROBERT C HUNTER and STEPHENS concur.

Report per Rule 30(e).