TYSON, Judge.
*479 Anfernee Maurice Collins ("Defendant") appeals from judgments entered following his conviction of four counts of first-degree rape of a child. We vacate three of Defendant's four convictions and arrest the judgments for those three convictions for lack of jurisdiction, find no error on the fourth conviction, and remand for resentencing and rehearing on the imposition of lifetime satellite-based monitoring.
I. Background
A.B. testified to four acts of sexual intercourse, which occurred between her and Defendant in 2011. On 8 April 2013, Defendant was indicted in two separate documents for four counts of first-degree rape of a child. All four charges were stated in identical language and two counts were alleged in each indictment. According to the indictments, the four offenses allegedly occurred between "January 1, 2011 and November 30, 2011." The jury convicted Defendant of all four offenses. The offenses were consolidated and Defendant was sentenced to two consecutive terms of 192 to 240 months in prison. Upon release from prison, Defendant was also ordered to be subject to satellite-based monitoring for the remainder of his natural life.
A. First Incident
A.B. was fourteen years old when she testified at trial in 2014. She testified the first incident of sexual intercourse occurred in the spring or summer of 2011, while she was a student in the fourth grade. A.B. told the investigating officer the incident occurred "towards the end of the school year. [She] advised that it was summer time."
A.B.'s grandmother had dropped A.B. off at her aunt's house. When she arrived, Defendant and his mother were both in the home. A.B. fell asleep on the couch. Her aunt, Defendant's mother, left the home to go to work. When A.B. awoke, she and Defendant began talking. Defendant asked A.B. what sports she liked to play, and A.B. told Defendant she liked to play basketball at the local recreational center. Defendant told her to be careful about walking to the center alone. A.B. responded, "whatever," and walked to the refrigerator to get a drink.
*480 Defendant told A.B. "not to talk to him like that," grabbed A.B. by the arm, and pulled her into his bedroom. Defendant pushed A.B. onto the bed and forced himself onto her despite her requests to stop. A.B. testified that Defendant held her down, pulled her pants and his pants down, and "put his private area in [her] private area." Afterward, A.B. testified Defendant stated "not to tell anybody and he was going to kill everybody [she] knew."
B. Second Incident
The second incident occurred on a day when A.B. was visiting at a friend's house. She developed a serious headache and called her grandmother. Her grandmother was unable to pick her up and told her to walk four or five houses down the street to her aunt's house. Defendant was present at the house when A.B. arrived. A.B. went into her aunt's bedroom alone to lay down and watch television. Defendant entered the bedroom about ten minutes later. A.B. tried to leave the room, but Defendant blocked her way. He held her down on the bed, pulled up her skirt, and forcibly engaged in sexual intercourse with her.
A.B. testified she was not sure exactly when the second incident occurred. The following *12 exchange occurred during direct examination of A.B.:
Q: Do you remember when that was? Was it still in the fourth grade?
A: Yes, sir.
Q: If you are not sure it's okay. Make sure.
A: I'm not really sure.
The investigating officer testified A.B. told him the second incident had occurred "during the first semester of her fifth grade year."
C. Third Incident
A.B. also did not recall when in 2011 the third incident occurred. A.B. testified she was at her aunt's house and Defendant gave her a pill. She took the pill and did not remember anything until she woke up while Defendant was "having sex" with her. A.B. was "drowsy, sleepy," and Defendant was "inside her" for "a couple of minutes." After the incident, A.B. "just put [her] clothes back on and went back to sleep."
D. Fourth Incident
The final incident occurred "around Thanksgiving" of 2011. A.B. was alone at her aunt's house when Defendant came in the back door. He *481 pushed her down on the couch, kissed her on the mouth, and stated he was "going to go away for a while." Defendant then pulled down A.B.'s pants and engaged in intercourse with her.
Over a year later, in November of 2012, A.B. told her stepmother she had been raped by Defendant. On the same day, A.B.'s stepmother took her to speak with a law enforcement officer. Defendant was seventeen years old when he was arrested on 21 December 2012.
E. Defendant's Age
Defendant's arrest warrants erroneously stated his date of birth as 14 September 1994. According to the uncontroverted evidence presented by both the State and Defendant, Defendant was born on 14 September 1995. He turned sixteen years old on 14 September 2011. Defendant would have been either fifteen or sixteen years old during the relevant time period between 1 January 2011 and 30 November 2011, when A.B. alleged all the offenses occurred, and as is alleged in both indictments.
Defense counsel moved to dismiss all charges at the close of the State's evidence "based on the fact that the State has not proved beyond a reasonable doubt that [Defendant] committed these various acts that he's charged with."
The following exchange occurred:
THE COURT: ... And the Defendant's date of birth that is in evidence?
PROSECUTOR: That is in evidence is September 14th 1995.
....
THE COURT: So during the year 2011, 2012, the victim would be 11 and 12 years old?
PROSECUTOR: Yes. The incidents all occurred before her-either before her birthday in 2011, which would make her 10 years old or 11 years old at the time of the incidents.
THE COURT: So they all allegedly occurred in 2011?
PROSECUTOR: Yes, sir.
THE COURT: And the Defendant's date of birth of 9/14/95 would have made him, in 2011, 17 or 18 years old?
PROSECUTOR: Seventeen.
*482 THE COURT: Seventeen? So the victim, according to the State's evidence, would be less than 13?
PROSECUTOR: Yes, sir.
THE COURT: The Defendant was at least 12 years old?
PROSECUTOR: Yes, sir.
THE COURT: And he was at least four years older than the victim?
PROSECUTOR: Correct.
Neither party corrected the mathematical error in calculating Defendant's age as fifteen years old until he reached his sixteenth birthday on 14 September 2011. Defendant has filed a motion for appropriate relief (MAR) in this Court. A copy of Defendant's birth certificate, attesting his date of birth as 14 September 1995, is attached to Defendant's MAR.
*13 II. Issues
Defendant argues: (1) the State failed to meet its burden to prove the existence of subject matter jurisdiction for the first three offenses; (2) the indictments were insufficient to establish subject matter jurisdiction for any count, after the indictments failed to allege dates specific enough to show Defendant was at least sixteen years old at the time the alleged offenses occurred; and, (3) this case should be remanded to the trial court for a hearing on the reasonableness of lifetime satellite-based monitoring in light of Grady v. North Carolina, --- U.S. ----, 135 S.Ct. 1368, 191 L.Ed.2d 459 (2015).
Defendant also argues his MAR should be granted where: (1) the superior court lacked jurisdiction over the counts during which Defendant was less than sixteen years old at the time of the offenses; (2) trial counsel was prejudicially ineffective for failing to move to dismiss three of the charges at the close of the State's evidence, after the State failed to provide any substantial evidence tending to show Defendant was at least sixteen years old at the time of the offense; and, (3) trial counsel was ineffective and prejudiced Defendant for failing to request a special verdict on those three charges.
III. Subject Matter Jurisdiction
A. Standard of Review
"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal."
*483 State v. Herman, 221 N.C.App. 204, 209, 726 S.E.2d 863, 866 (2012). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment." In re Appeal of the Greens of Pine Glen Ltd. P'ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing Mann Media, Inc. v. Randolph Cnty. Planning Bd., 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) ). "A court empowered to hear a case de novo is vested with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." Caswell County v. Hanks, 120 N.C.App. 489, 491, 462 S.E.2d 841, 843 (1995) (citation and internal quotation marks omitted).
B. Defendant's Age on the Dates of the Offenses
Defendant argues the superior court was without subject matter jurisdiction on the first three offenses, because no evidence presented at trial showed Defendant was at least sixteen years old at the time those offenses were committed. We agree.
The district courts have "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent. For purposes of determining jurisdiction, the age of the juvenile at the time of the alleged offense governs." N.C. Gen.Stat. § 7B-1601(a) (2013) (emphasis supplied). "If, however, a juvenile commits a criminal offense on or after the juvenile's 16th birthday, the juvenile is subject to prosecution as an adult in superior court." State v. Pettigrew, 204 N.C.App. 248, 257, 693 S.E.2d 698, 704 (citing N.C. Gen.Stat. § 7B-1604 ), appeal dismissed, 364 N.C. 439, 706 S.E.2d 467 (2010).
The Juvenile Code, contained in the North Carolina General Statutes, provides the exclusive procedure under which a juvenile may be tried for criminal acts in superior court:
After notice, hearing, and a finding of probable cause the court may, upon motion of the prosecutor or the juvenile's attorney or upon its own motion, transfer jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult. If the alleged felony constitutes a Class A felony and the court finds probable cause, the court shall transfer the case to the superior court for trial as in the case of adults.
N.C. Gen.Stat. § 7B-2200 (2013) (emphasis supplied).
"The superior court may obtain subject matter jurisdiction over a juvenile case only if it is transferred from the district court according to *484 the procedure this statute prescribes." State v. Dellinger, 343 N.C. 93, 96, 468 S.E.2d 218, 220 (1996) (emphasis supplied). The superior court does not have original jurisdiction over a defendant who was fifteen years old on the date of the alleged offense. Id. *14 In Dellinger, the Supreme Court held both the district court and the superior court had lost jurisdiction over the accused where he was twelve or thirteen years old on the date of offense, and who turned eighteen while his appeal from superior court was pending. Id. The uncontroverted evidence before us shows Defendant was born on 14 September 1995 and attained the age of sixteen years old on 14 September 2011.
"[W]hen jurisdiction is challenged ... the State must carry the burden and show beyond a reasonable doubt that [the court] has jurisdiction to try the accused." State v. Batdorf, 293 N.C. 486, 494, 238 S.E.2d 497, 502-03 (1977). The State conceded during oral argument, and we agree with Defendant and the State that the evidence showed Defendant was fifteen years old at the time of the first offense. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). We vacate Defendant's conviction for the first offense.
With regard to the second incident, A.B. first testified that it occurred while she was in the fourth grade and then stated she was "not really sure" when it occurred. According to the investigating officer, A.B. told him the second incident occurred after the first semester of her fifth grade year had begun. The officer's testimony was not offered as substantive evidence, but to corroborate and not contradict A.B.'s testimony. See State v. Stills, 310 N.C. 410, 415, 312 S.E.2d 443, 447 (1984) ("By definition, a prior statement is admitted only as corroboration of the substantive witness and is not itself to be received as substantive evidence.").
A.B. also could not recall when the third rape occurred, or whether it was before or after school resumed. Whether the second and third rape offenses occurred while Defendant was fifteen or sixteen years old cannot be determined from the evidence. Even if Defendant had moved for a special verdict, no substantive evidence was presented from which a jury could find beyond a reasonable doubt that Defendant was sixteen years old at the time of the commission of either the second or third offenses. Batdorf, 293 N.C. at 493, 238 S.E.2d at 502. The judgments entered on Defendant's second and third convictions must also be vacated for lack of subject matter jurisdiction in the superior court.
*485 We need not more specifically address the issue in Defendant's MAR of whether trial counsel was ineffective and prejudiced Defendant for failure to request a special verdict on three of the four charges, or to preserve a claim that the State failed to present sufficient evidence that the superior court had jurisdiction over Defendant on those charges. "Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction is immaterial." Stark v. Ratashara, 177 N.C.App. 449, 451-52, 628 S.E.2d 471, 473 (2006). Trial counsel's failure to move to dismiss the charges based on a lack of subject matter jurisdiction does not preclude this Court from reviewing the issues de novo and determining whether subject matter jurisdiction exists. Id.
C. Sufficiency of the Indictments
Defendant argues the indictments were facially insufficient to establish subject matter jurisdiction in the superior court where they: (1) cover a period of time when Defendant was a juvenile; (2) fail to allege the dates of the offenses with sufficient specificity; and, (3) state the same range of offense dates for all four charges. We disagree.
We address this issue only with regard to Defendant's fourth conviction, which A.B. testified occurred around Thanksgiving of 2011, as Defendant's other three convictions are vacated. "A challenge to the facial validity of an indictment may be brought at any time, and need not be raised at trial for preservation on appeal." State v. LePage, 204 N.C.App. 37, 49, 693 S.E.2d 157, 165 (2010). Defendant was tried and convicted on two bills of indictment in File Nos. 12 CRS 52879 and 12 CRS 52880. Except for the docket numbers, each indictment is identical and charges two identical counts of first degree rape of a child. The date of offense on the *15 indictments is alleged as "January 1, 2011 to November 30, 2011."
As discussed above, Defendant must have attained at least sixteen years of age at the time the offenses occurred for the superior court to have jurisdiction over him. N.C. Gen.Stat. §§ 7B-1601(a), 7B-1604. It is uncontested Defendant turned sixteen years old on 14 September 2011.
Defendant was fifteen years old and a juvenile from 1 January 2011 until 13 September 2011, the majority of the time period alleged on the indictments. The superior court would have jurisdiction to enter judgment against Defendant only for offenses, which occurred from his sixteenth birthday on 14 September 2011 until 30 November 2011.
An indictment must assert "facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient *486 precision clearly to apprise the defendant ... of the conduct which is the subject of the accusation." N.C. Gen.Stat. § 15A-924(a)(5) (2013). The purpose of the indictment is to put the defendant on "notice of the charge against him so that he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense." State v. Freeman, 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985). "Generally, an indictment must include a designated date or period within which the offense occurred." State v. Everett, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991).
In cases of sexual assaults on children, our Supreme Court has relaxed the temporal specificity requisites which must be alleged to support the indictment:
We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.
State v. Wood, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (citations omitted) (emphasis supplied).
Here, the indictments alleged a period of time which includes from 14 September 2011 to 30 November 2011 when Defendant was sixteen years old and clearly under the jurisdiction of the superior court. The dissenting opinion does not dispute that substantial evidence presented at trial showed one of the four offenses occurred "around Thanksgiving," and within the time period alleged on the indictment after Defendant turned sixteen years old.
The district court was without jurisdiction over the fourth offense where the uncontroverted evidence shows it occurred "around Thanksgiving," after Defendant had turned sixteen years old the previous September. N.C. Gen.Stat. § 7B-1601(a) (The district court has "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent. For purposes of determining jurisdiction, the age of the juvenile at the time of the alleged offense governs."). Only the superior court had jurisdiction over this offense. Pettigrew, 204 N.C.App. at 257, 693 S.E.2d at 704.
*487 Under the dissenting opinion's rationale, the superior court is without jurisdiction if the defendant is fifteen years old at any time within the alleged range of offense dates, even if the evidence shows the crime clearly occurred when the defendant was sixteen years old. This rationale is contrary to our Supreme Court's stated purpose for the relaxed temporal specificity requisites to allow allegations in indictments charging crimes of sexual assaults on children. Wood, 311 N.C. at 742, 319 S.E.2d at 249.
A defendant may request a special verdict to require the jury to find the crime occurred after he was sixteen years old. See State v. Blackwell, 361 N.C. 41, 46-47, 638 S.E.2d 452, 456 (2006), cert. denied, 550 U.S. 948, 127 S.Ct. 2281, 167 L.Ed.2d 1114 (2007) ("A special verdict is a common law procedural device by which the jury may answer specific questions posed by the trial judge *16 that are separate and distinct from the general verdict."). Likewise, a defendant may move for a bill of particulars if he is seeking more specificity on the allegations in the indictment. N.C. Gen. Stat. § 15A925 (2013); State v. Johnson, 30 N.C.App. 376, 377, 226 S.E.2d 876, 878, cert. denied, 291 N.C. 177, 229 S.E.2d 691 (1976) ("The purpose of a bill of particulars is to give an accused notice of the specific charge or charges against him and to apprise him of the particular transactions which are to be brought in question on the trial.").
The fact that the range of dates alleged for the offenses includes periods of time when Defendant was not yet sixteen years old, but also alleges a period of time after Defendant was sixteen years old, does not establish a lack of subject matter jurisdiction to vacate Defendant's fourth conviction for rape of a child. This Court may vacate one count of an indictment, while upholding the valid remaining counts contained therein. See, e.g., State v. Williams, --- N.C.App. ----, ----, 774 S.E.2d 880, 886-87 (2015) (vacating one count of PWIMSD on the indictment as fatally defective and upholding a second count). Even if this Court adopted the rationale and conclusion in the dissenting opinion, the State would not be barred from obtaining a new indictment charging only the crime, which occurred after Defendant's sixteenth birthday. We hold jurisdiction clearly exists in superior court and there is no error in Defendant's fourth conviction by the jury for first-degree rape of a child. This argument is overruled.
D. Disposition
The appropriate disposition is to remand for resentencing on the fourth charge. See State v. Brown, 350 N.C. 193, 213, 513 S.E.2d 57, 69-70 (1999) (This Court "cannot assume that the trial court's consideration of *488 [the vacated convictions] had no affect [sic] on the sentence imposed."). As part of Defendant's resentencing, the trial court shall also conduct a new hearing on whether the imposition of lifetime satellite-based monitoring is consistent with Grady, --- U.S. ----, 135 S.Ct. 1368, 191 L.Ed.2d 459 (2015) (North Carolina's satellite-based monitoring program effects a Fourth Amendment search, and "[t]he reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.").
IV. Conclusion
The State concedes the superior court's lack of jurisdiction over the first conviction. No evidence shows Defendant was sixteen years old, and the superior court was without subject matter jurisdiction to enter judgment on the first three of Defendant's four convictions.
The judgment entered on the two convictions in File No. 12 CRS 52879 is vacated. The conviction for Count I of the indictment in File No. 12 CRS 52880 and the judgment entered thereon is vacated.
The indictments lawfully allege a range of dates during which the offenses occurred, including periods of time when Defendant was an adult, and are not facially defective. The indictments allege a period of time when Defendant was sixteen years old and was lawfully subject to the jurisdiction of the superior court.
Unchallenged evidence shows the fourth offense occurred around Thanksgiving 2011 and after Defendant's sixteenth birthday on 14 September 2011. We find no error regarding the jury's verdict convicting Defendant of Count II of File No. 12 CRS 52880. Defendant's MAR alleging ineffective assistance of counsel is dismissed for reasons stated in this opinion.
This case is remanded to the superior court for a resentencing hearing on Count II of File No. 12 CRS 52880 for the jury's conviction finding Defendant to be guilty of first-degree rape of a child. The trial court shall also conduct a new hearing on the imposition of lifetime satellite-based monitoring.
VACATED IN PART, NO ERROR IN PART, DISMISSED IN PART, AND REMANDED FOR RESENTENCING AND REHEARING ON LIFETIME SATELLITE-BASED MONITORING.
*17 Judge DIETZ concurs.
Judge STROUD concurs in part and dissents in part in a separate opinion.