STROUD, Judge, concurring in part and dissenting in part.
*489 I concur with the majority in vacating three of Defendant's convictions, but I dissent because I believe that all four indictments failed to confer jurisdiction upon the superior court.
The evidence against Defendant is disturbing and compelling, and he has been found guilty of raping a child four times. Any reasonable person would want him punished and removed from society so that he may not have an opportunity to hurt another child in any way. But this is just the sort of case in which "we must bear in mind Lord Campbell's caution: 'Hard cases must not make bad laws.' " Shearin v. Lloyd, 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957) (quoting Mast v. Sapp, 140 N.C. 533, 545, 53 S.E. 350, 354 (1906) ). I believe that the superior court did not have jurisdiction over Defendant under any of the four indictments as written because of the error as to Defendant's correct date of birth and because Defendant was under the age of 16 during over 75% of the time period alleged.
This is a unique case in which a defendant was charged as an adult based upon a mistake as to his age. We do not know the origin of the mistake as to Defendant's age on the arrest warrants. Perhaps it was a mere typographical error, or perhaps the date was listed incorrectly on another document and the error was not discovered when the magistrate was preparing the arrest warrants. Inexplicably, no one-defense counsel, the trial court, or anyone else in the courtroom-realized this basic mathematical error until after Defendant had been arrested as an adult, indicted as an adult, imprisoned as an adult pending trial for nearly two years, tried as an adult, and convicted as an adult felon for at least three crimes (and maybe four) which he committed under the age of 16. Only on appeal did Defendant's counsel realize the error as to Defendant's age. As noted by the majority opinion, it is undisputed that Defendant was either 15 or 16 years old when all of the alleged criminal acts were committed, with only the fourth offense arguably occurring after his sixteenth birthday.[1] At the very least, it is a travesty of justice *490 that a juvenile was arrested on 21 December 2012 for offenses he committed under the age of 16 and has been treated as an adult defendant ever since, and no one noticed it until his convictions were appealed.
This oversight is even more baffling since the crime charged includes as elements both the age of the victim and the age of the offender. N.C. Gen.Stat. § 14-27.2(a)(1), under which Defendant was charged and convicted, defines the crime of first-degree rape as follows:
A person is guilty of rape in the first degree if the person engages in vaginal intercourse:
(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]
N.C. Gen.Stat. § 14-27.2(a)(1) (2011).
The arrest warrants listed Defendant's birthday incorrectly; the later indictments did not mention Defendant's birthday or age but merely recited the statutory language above. It is undisputed that the victim was under 13 and the defendant was at least four years older than her during the entire time period alleged in the indictments.
The State argues that there is no jurisdictional requirement that a criminal indictment of an adult must include the defendant's date of birth or age, and this is true. See N.C. Gen.Stat. § 15A-924 (2013). Criminal indictments of adults and juvenile petitions[2] are alike in many ways, and one of the similarities *18 is that both require essentially the same specificity in the description of the alleged criminal offense. See In re J.F., ---N.C.App. ----, ----, 766 S.E.2d 341, 345 (2014) ("The sufficiency of a juvenile petition is evaluated by the same standards applied to indictments in adult criminal proceedings. The general rule is that an indictment charging a statutory sexual offense will be sufficient if it is couched in the language of the statute.") (citations and quotation marks omitted). In particular, indictments for sex offenses against children may properly encompass a period of time and need not allege a specific date of each offense. See State v. Everett, 328 N.C. 72, 75, 399 S.E.2d 305, 306 (1991). Defendant was actually under the age of 16 during over 75% of the time period alleged for all four indicted offenses, and there is no way to determine which offense is which based on the four identical indictments. *491 Certainly, the State could properly have filed juvenile petitions against Defendant for three offenses alleging a time period from 1 January 2011 until 13 September 2011, or the day before Defendant's sixteenth birthday, and an indictment for a fourth offense, alleging a time period from 14 September 2011 until 30 November 2011. Based upon Defendant's actual age and evidence presented, the district court would have had jurisdiction over the juvenile petitions, and the superior court would have had jurisdiction over the indictment. See N.C. Gen.Stat. § 7B-1604(a) (2013) ("Any juvenile ... who commits a criminal offense on or after the juvenile's sixteenth birthday is subject to prosecution as an adult."). Perhaps the district court would have transferred the three juvenile matters to superior court to be tried with the fourth offense. See N.C. Gen.Stat. § 7B-2200 (2013) ("[T]he court may ... transfer jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult.") (emphasis added). But none of this happened because of a mathematical error.
Except for the mistake as to Defendant's date of birth, Defendant would have been treated as a juvenile and-unlike an indictment-a juvenile petition for delinquency must include an allegation of the juvenile's age:
The petition shall contain the name, date of birth, and address of the juvenile and the name and last known address of the juvenile's parent, guardian, or custodian. The petition shall allege the facts that invoke jurisdiction over the juvenile. The petition shall not contain information on more than one juvenile.
A petition in which delinquency is alleged shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation.
Sufficient copies of the petition shall be prepared so that copies will be available for the juvenile, for each parent if living separate and apart, for the guardian or custodian if any, for the juvenile court counselor, for the prosecutor, and for any person determined by the court to be a necessary party.
N.C. Gen.Stat. § 7B-1802 (2013) (emphasis added).
*492 The requirement that the petition include the juvenile's date of birth and "facts that invoke jurisdiction over the juvenile" is the relevant difference here between the jurisdictional requirements of a juvenile petition and an adult criminal indictment. See id. It is immediately apparent even in the statute regarding the petition that a juvenile under the age of 16 is treated differently than an adult or an older juvenile. For example, copies of the petition must be prepared for "each parent if living separate and apart, for the guardian or custodian if any, for the juvenile court counselor, for the prosecutor, and for any person determined by the court to be a necessary party." Id. A juvenile is afforded many different protections throughout the entire court process.[3] Without listing *19 all of these differences, the most salient here is that the district court has "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent" and has the discretion as to whether to transfer Defendant to superior court to be tried an adult. N.C. Gen.Stat. §§ 7B-1601(a), -2200 (2013).
N.C. Gen.Stat. § 7B-2203(b) sets out the factors to be considered in a transfer hearing:
In the transfer hearing, the court shall determine whether the protection of the public and the needs of the juvenile will be served by transfer of the case to superior court and shall consider the following factors:
(1) The age of the juvenile;
(2) The maturity of the juvenile;
(3) The intellectual functioning of the juvenile;
(4) The prior record of the juvenile;
(5) Prior attempts to rehabilitate the juvenile;
(6) Facilities or programs available to the court prior to the expiration of the court's jurisdiction under this Subchapter and the likelihood that the juvenile would benefit from treatment or rehabilitative efforts;
(7) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner; and *493 (8) The seriousness of the offense and whether the protection of the public requires that the juvenile be prosecuted as an adult.
N.C. Gen.Stat. § 7B-2203(b) (2013). If the district court decides to transfer the case to superior court, the resulting "order of transfer shall specify the reasons for transfer." Id. § 7B-2203(c) (emphasis added). "The juvenile court must consider eight enumerated factors pursuant to a transfer hearing and then specify the reasons for transfer if the case is transferred to superior court." In re E.S., 191 N.C.App. 568, 572, 663 S.E.2d 475, 478 (citation and brackets omitted), disc. review denied, 362 N.C. 681, 670 S.E.2d 231 (2008).
The transfer decision is in the discretion of the district court and is reviewable, by either the superior court or any appellate court, only for an abuse of discretion. See id. at 573, 663 S.E.2d at 478 ("[T]he decision to transfer a juvenile's case to superior court lies solely within the sound discretion of the juvenile court judge and is not subject to review absent a showing of gross abuse of discretion.") (citation omitted). Defendant never had the opportunity for a transfer hearing on any of the charges against him. We know nothing of his maturity, intellectual functioning, and other factors which the district court would have been required to consider, although the record surely contains hints that Defendant had significant intellectual and emotional challenges.
The assertion of jurisdiction over Defendant as an adult based upon a mistake as to his age is not a mere technicality; it is a jurisdictional error and irrevocably changed the course of his prosecution:
The superior court may obtain subject matter jurisdiction over a juvenile case only if it is transferred from the district court according to the procedure [that N.C. Gen.Stat. § 7A-608 (1989), the predecessor of N.C. Gen.Stat. § 7B-2200,] prescribes. Contrary to the Court of Appeals' opinion and the State's arguments, the superior court cannot obtain jurisdiction by the mere passage of time nor can the mere passage of time transform a juvenile offense into an adult felony. A juvenile offender does not "age out" of district court jurisdiction and by default become subject to superior court jurisdiction upon turning eighteen. Because the district court never actually exercised jurisdiction here, that court could not and did not properly transfer the case to the superior court. Therefore, the superior court lacks subject matter jurisdiction.
*494 This interpretation both conforms to the plain language of these statutes and accords with legislative intent. In the Juvenile Code, the General Assembly enacted procedural protections for juvenile offenders with the aim that delinquent children might be rehabilitated and reformed and become useful, law-abiding citizens.
*20 These safeguards evince conceptual distinctions between the purpose of juvenile proceedings and that of adult criminal prosecutions. Further, had the legislature intended that the time of institution of proceedings should govern jurisdiction, the 1994 amendment lowering the age at which juveniles may be transferred to superior court for trial as adults would have been superfluous.
State v. Dellinger, 343 N.C. 93, 96, 468 S.E.2d 218, 220-21 (1996) (citation omitted).
The State argues that even if Defendant was under age 16 during much of the time alleged in the indictments, he was over 16 during some of the period alleged and was 18 by the time he was tried, so at least the fourth offense, which the evidence places in that time period, was properly in superior court. The majority relies on the lenity which our case law has afforded the State in allegations of dates in sex offense cases involving child victims. But neither the State nor the majority can cite to a case in which the time period alleged in an indictment covers a time during which a defendant would have been under 16, because there is no such case in North Carolina. Only one case alludes to this situation, where the defendant argued that the allegation that the offense occurred "on or about" a time period beginning about a week after his sixteenth birthday could possibly include events occurring before he turned sixteen, thus depriving the superior court of jurisdiction. See State v. Pettigrew, 204 N.C.App. 248, 256-57, 693 S.E.2d 698, 704, appeal dismissed, 364 N.C. 439, 706 S.E.2d 467 (2010). This Court implied that it would be error to include a time period before a defendant's sixteenth birthday in the indictment:
Defendant next argues that his convictions must be vacated because the time period of the offenses alleged in the superseding indictment encompasses a time prior to Defendant's 16th birthday, and thus, the superior court lacked jurisdiction over this matter....
....
*495 [T]he superseding indictment alleged that Defendant committed the charged offenses "on or about" 1 February 2001 through 20 November 2001. On 23 January 2001, Defendant turned 16 years old. Thus, Defendant contends that the "on or about" language in the superseding indictment could encompass acts committed before 23 January 2001, when Defendant was 15 years old.
N.C. Gen.Stat. § 15A-924(a)(4) provides that an indictment must include "a statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time." The "on or about" language is commonly used in indictments, and Defendant acknowledges that this language is usually sufficient for purposes of N.C. Gen.Stat. § 15A-924(a)(4).
We are not persuaded by Defendant's argument. As we held above, there was substantial evidence that Defendant committed the charged offenses within the time frame alleged in the superseding indictment. Defendant was 16 years old during that entire time frame. Accordingly, Defendant's argument is without merit, and this assignment of error is overruled.
Id. at 256-58, 693 S.E.2d at 704 (emphasis added and brackets omitted). Although Pettigrew did not address the exact issue presented in this case, since that indictment's first alleged date was after the defendant's sixteenth birthday and "there was substantial evidence that Defendant committed the charged offenses" after his sixteenth birthday, I believe Pettigrew is instructive and tends to support the lack of jurisdiction. See id., 693 S.E.2d at 704.
The majority cites State v. Williams for the proposition that "[t]his Court may vacate one count of an indictment while upholding the valid remaining counts contained therein." See State v. Williams, ---N.C.App. ----, ----, 774 S.E.2d 880, 886-87 (2015). I agree that this general rule of law is true, but Williams is inapposite to the jurisdictional question at issue as the defendant there was an adult and there was no question of potential juvenile court jurisdiction. In Williams, the defendant was charged with two different crimes in one indictment. Id. at ----, 774 S.E.2d at 883. This Court held *21 that the first count of the indictment was fatally defective because it failed to "allege the possession of a substance that falls within Schedule I" and the State's amendment *496 to the indictment was an impermissible "substantial alteration" so that the trial court lacked subject matter jurisdiction over the first count. Id. at ----, 774 S.E.2d at 885-86. But the remaining count of the indictment properly described a distinctly different crime, and the defendant's various challenges to that conviction were rejected. Id. at ----, 774 S.E.2d at 886-87. Here, the two indictments each included two counts of the same offense, described in the same way and occurring in the same time period. On the face of the indictments, there is no way to distinguish one count from another, and the time period covered by each is the same.
The State argued before this Court that as long as a defendant is 16 or older for at least part of the time period alleged in an indictment, the superior court has jurisdiction over him as an adult. I do not find any law that supports this claim and believe it is simply incompatible with our entire system of juvenile justice. The law treats juveniles under age 16 differently for many important reasons and grants the district court "exclusive, original jurisdiction" over these cases. See N.C. Gen.Stat. § 7B-1601(a). The State's position would allow the State to charge juveniles as adults, to arrest them as adults, to imprison them pending trial as adults, and to claim "no harm, no foul" when the error is pointed out if even just a small bit of the evidence against the defendant covers a time period after his sixteenth birthday. Even if Defendant was not prejudiced by being arrested, tried, and convicted as an adult, the superior court simply did not have jurisdiction over Defendant under the indictments as written. Cf. Lee v. Gore, 365 N.C. 227, 234, 717 S.E.2d 356, 361 (2011) ("Finally, to hold otherwise essentially adopts a 'no harm, no foul' analysis. Absent prejudice, so the argument goes, a statutory violation such as we have here may be overlooked. As we explain above, however, this case involves the [Division of Motor Vehicles'] authority to act. This is not a case that turns upon prejudice to the petitioner.").
For the reasons stated above, I believe all of Defendant's convictions must be vacated for lack of jurisdiction, so I dissent.

The briefs and majority refer to the offense which occurred last as the "fourth" offense or indictment, and I also will call them the "fourth" for convenience and consistency. All four indictments are identical and were issued simultaneously and based upon the indictments, there is no way to distinguish between the alleged offenses. Only the evidence makes this distinction.

"The pleading in a juvenile action is the petition. The process in a juvenile action is the summons." N.C. Gen.Stat. § 7B-1801 (2013).

See generally N.C. Gen. Stat. ch. 7B, arts. 17 to 27 (2013).